14   277
24   540

WILLIAM M. KAEISER, PLAINTIFF IN ERROR, V. THE BOARD OF COUNTY COMMISSIONERS OF NUCKOLLS COUNTY, DEFENDANT IN ERROR.

1. Sale of land for taxes: LIABILITY OF COUNTY TO PURCHASER. In order to show a liability on the part of a county to a purchaser of land at tax sale, under sec. 71 of the revenue act of 1869, Gen. Stat., 924, it must appear that the sale has failed through some "mistake, or wrongful act of the county treasurer or other officer" of the revenue.

2. ———: PLEADING: PETITION. In such case, to state a cause of action, the petition must set out the particular act done or omitted, and the officer doing or omitting it.

3. ———: COUNTY COMMISSIONERS. It is not within the jurisdiction of the board of county commissioners to determine whether the "mistake or wrongful act," contemplated by this section, has been committed or not.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J.

*D. W. Barker*, for plaintiff in error, cited: *Kittle v. Shervin*, 9 Neb., 324.

*W. A. Bergstresser*, for defendant in error, cited: *People v. Auditor General*, 30 Mich., 12. *Otoe County v. Gray*, 10 Neb., 568. *Pettit v. Black*, 8 Neb., 52. *Peet v. O'Brien*, 5 Neb., 360.

LAKE, CH. J.

The action below was brought by the plaintiff in error to recover from the county of Nuckolls a sum of money, claimed to be due him from the county, under sec. 71 of the revenue act of 1869, Gen. Stat., 924, which provides that: "When by mistake or wrongful act of the treasurer, or other officer, land has been sold contrary to the provisions of this act, the county is to save the purchaser harmless by paying him the amount of principal and interest to which he would have been entitled had the land been rightfully sold," etc.

To the petition the county interposed a general demurrer, which was sustained and the action dismissed. The only question now presented is, whether the petition states a good cause of action.

It appears from the petition that the plaintiff purchased the land in question in October and November, 1875, at private tax sale, paying therefor, in the aggregate, the

sum of sixty dollars and thirty-five cents; that he subsequently paid taxes duly levied upon the land, to the amount of one hundred and forty-two dollars and fifty-eight cents. These sums, together with interest, at the rate of forty per cent per annum, he prays judgment for.

There is no direct allegation in the petition to the effect that the sale in question was contrary to the revenue act in any particular. All that there is upon this point is simply the fact that one "Maggie C. Blakely, claiming to be the owner of said lands," brought her action against the said board of county commissioners and the treasurer of said county and this plaintiff for the purpose of having the said tax sale set aside and the treasurer enjoined from making a deed. Although the plaintiff herein was made a defendant in that action, the petition in this case shows conclusively that the court acquired no jurisdiction over him. He was not lawfully served with process, nor did he voluntarily appear, so that as to him the judgment enjoining the treasurer from executing the tax deed was a mere nullity. It really settled nothing. The fact that the county commissioners assented to or stipulated with Blakely for the judgment as charged is of no consequence. Without the concurrence of the purchaser they could make no arrangement with the land-owner respecting the sale which would bind him. It is not within the jurisdiction of county commissioners to determine whether the "mistake or wrongful act" contemplated by this statute was in fact committed or not; and if they assume to do so, it will bind no one, neither the purchaser who has sustained the loss nor the officer who occasioned it, and who is by the law rendered liable on his bond to make it good, either to the purchaser, or to the county.

Therefore, in order to show a liability on the part of the county, it must appear, independently of the former suit, and of the action of the commissioners therein, that the sale in question failed through some "mistake or wrongful

act" of the county treasurer or other officer of the revenue. The particular act done or omitted, and the particular officer doing or omitting it, should be set out in the petition, so as to enable the court to see and determine whether the case is one contemplated by the statute. This petition fails to do that, and therefore the demurrer was rightly sustained.

JUDGMENT AFFIRMED.