RICHARDSON COUNTY, PLAINTIFF IN ERROR, v. H. T. HULL, DEFENDANT IN ERROR.

1. **Counties:** ACTION AGAINST: CLAIMS. A cause of action against a county, under the provisions of section 71 of the revenue act of 1869 (Gen. Stats.), *Held*, To be a *claim* against a county, within the meaning of section 37 of chapter 18 of the Compiled Statutes, and that no action can be maintained on such claim other than by presenting the same to the county board for audit and allowance.

2. ———: ———: APPEAL. The final judgment of such board upon such claim, either for or against the same, *Held*, To be a final adjudication thereof, unless appealed from.

3. ———: ———: ———. The dismissal of an appeal from the decision of the county board upon a claim presented to it, under the provisions of Sec. 37, Chap. 18, Compiled Statutes, *Held*, To be a final disposition of the case.

ERROR to the district court for Richardson county. Tried below before APPELGET, J.

*Edwin Falloon*, for plaintiff in error.

*E. W. Thomas* and *C. Gillespie*, for defendant in error.

COBB, J.

This action was commenced by the defendant in error in the district court of Richardson county to recover of said county the sum of $509.43, which had been paid into the county treasury for taxes upon a certain tract of land not subject to assessment.

The petition alleges the wrongful listing upon the books of said county for taxation, and the levying of taxes thereon for the years 1871, 1872, and 1873, of the land in question; that the same was sold to different parties for the taxes of 1871, 1872, and 1873, and finally was sold to one Charles Bruin, at the sale of December 2, 1875, for the taxes of 1874; that in December, 1877, Bruin applied to the treasurer of said county for a tax deed and title to the property sold to him, which was duly executed and delivered by the county treasurer; that subsequently, on May 16, 1881, said Bruin, for the consideration of $300, conveyed the land to the defendant in error, the plaintiff below. On the 28th of June following, for the perfection of his title to the land, the plaintiff below redeemed the same from the several sales to the said Bruin, and for such redemption paid to the county treasurer $276.68; that on December 15, 1883, in an action in the district court for the possession of the land, wherein Melissa A. Smith, the former widow of Nelson Wilber, decds., William and Charles, sons, and Angeline Robler, daughter of said deceased, were plaintiffs, and Eli Gray, grantee of the plaintiff below, by warranty deed to said land, was defendant, the validity of all the taxes levied for the years 1871, 1872, 1873, 1874, and 1875 was an issue properly before the court, which found that all of the taxes so levied were void, for the reason that Nelson Wilbur was an Union soldier in the military service of the United States during the late war of the rebellion, that he lost his life as such soldier, and was then the owner of said land, and that the same re-

mained the property of his widow and children, and the only property possessed by them in this state, and that it did not exceed two thousand dollars in value during all the years of its assessment for taxes.

The defendant below answered by a general demurrer, and specially:

II.   That the plaintiff should have presented his claim to the board of county commissioners, and that it could only be brought to the district court by an appeal from that board.

III.   That the plainitff before commencing said action had presented his claim to. said board, and the same was rejected, and being appealed to the district court was dismissed.

IV.   By a general denial of the plaintiff's allegations.

The plaintiff demurred to the answer, except the fourth paragraph, which demurrer was sustained.   The defendant again amended its answer, making the same defense; also setting up that the cause of action did not accrue within five years next before the bringing of the suit.   On the plaintiff's motion the answer, except that of the application of the statute of limitation, was stricken out, for the reason that the same had been considered and overruled.   The plaintiff joined issue on the plea of the statute of limitations. Trial was had to the court, with findings and judgment for the plaintiff, which the defendant brings up to this court on error.

Different questions are suggested, but it is believed that the case will be found to rest upon but one of them, and that the further examination of the others will not be deemed necessary.

This action is against a county, without, so far as this suit is concerned, the claim for the recovery of which it is brought, ever having been presented to the board of county commissioners to be audited and allowed, under section 37, entitled, " Claims against county—Appeal" (Comp. Stat.,

Richardson County v. Hull.

1885, 240), which provides that : "Before any claim against a county is audited and allowed, the claimant or his agent shall verify the same by his affidavit, stating that the several items therein mentioned are just and true, and the services charged therein, or articles furnished, were rendered or furnished as therein charged, and that the amount claimed is due and unpaid after allowing just credits. All claims against a county must be filed with the county clerk. And when the claim of any person against a county is disallowed, in whole or in part, by the county board, such person may appeal from the decision of the board to the district court of the same county, by causing a written notice to be served on the county clerk, within twenty days after making such decision, and executing a bond to such county, with sufficient security, to be approved by the county clerk, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant. Upon the disallowance of any claim, it shall be the duty of the county clerk to notify the claimant, his agent, or attorney, in writing, of the fact, within five days after such disallowance. Notice mailed within said time shall be deemed sufficient."

The counsel for defendant in error assumes that this statute is not applicable to the claim, or whatever other designation is applied to the cause of action. This assumption is of importance, and the question of construction, raised by it, invited more careful elucidation by counsel than seems to have been bestowed upon it.

The statute as applied to accounts and claims, or demands of that nature, has been heretofore considered by this court in the reported cases of *Brown v. Otoe County*, 6 Neb., 111; in that of the *State, ex rel. Clark, v. Buffalo County*, Id., 454; and in *Dixon County v. Barnes*, 13 Neb., 294, in all of which it was held, substantially, that the board of county commissioners have exclusive original jurisdiction of claims due from a county, and that the only mode of

presenting an action on such claims is by appeal from that decision; also, that in the audit, adjustment, and allowance, or disallowance, of a claim against a county, the board of county commissioners acts judicially, and the judgment of the board is conclusive unless appealed from, as provided by the statute.

The case of *Nance v. Falls City*, 16 Neb., 85, involved the question whether a claim against a city of the second class, growing out of the negligence of the city authorities in allowing a dangerous pool of water to remain unenclosed within the city limits, whereby plaintiff's intestate lost his life, could be prosecuted in the district court without having first been presented to the city council for audit and adjustment. This court following the precedents of *Bradley v. Eau Claire*, 14 N. W. R., 10, *Ruggles v. Fond du Lac*, 53 Wis., 436, and *Kelley v. Madison*, 43 Id., 638, held that the provisions of section 80 of the act relating to cities of the second class (Comp. Stat. 1885, 149), requiring all claims to be presented to the city council for rejection to entitle claimants to recover costs, did not apply to claims arising from tort. This case is cited by counsel for defendant in error, but its application to the question here involved is too remote and lacks analogy. Of our cases, that nearest in point to the case at bar is, *Kaeiser v. Nuckolls County*, 14 Neb., 277, also cited by counsel, and wherein it was held that to show a county's liability to a purchaser at tax sale, under section 71 of the revenue act of 1869 (Gen. Stat., 924), it must appear that the sale is deficient, and has failed through some "mistake or wrongful act" of the county treasurer or other officer of the revenue; and that "it is not within the jurisdiction of the board of county commissioners to determine whether the mistake or wrongful act" has been committed or not. A careful examination of this case carries the conviction to my mind that the last clause of the *syllabus* quoted is but *obiter dicta*, and not applicable to the facts and the law of

the case; and I am equally convinced that as an abstract statement of the law it is an erroneous opinion. In a county system of government by commissioners, the board is charged with all the multifarious duties of assessment, levy, collection, inspection, and disbursement of the revenue, whether such involve great or small accounts, and whether the affairs considered were simple or complex and difficult of settlement, excepting only the ministerial duties of the several county officers; and even these, in many regards, are within its jurisdiction and ultimate authority.

Section 71 of the revenue act then in force, and in force at the date of these transactions, provides that, "when, by mistake or wrongful act of the treasurer, or other officer, land has been sold contrary to the provisions of this act, the county is to save the purchaser harmless by paying him the amount of principal and interest to which he would have been entitled had the land been rightfully sold, and the treasurer, or other officer, and their sureties, shall be liable for the amount on their bonds to the county, or the purchaser may recover the amount directly from the treasurer or other officer making such mistake or error." Gen. Stat., 924.

The proposition that, "it is not competent for the board of county commissioners to determine whether the 'mistake or wrongful act' contemplated in this section is committed or not," involves the paradox that the county shall not, and cannot, do the very act which the statute plainly declares it shall do, which is absurd; and it involves the further proposition that the county, through its constituted authority, is powerless to act, and cannot act in any such case until it shall be sued in a court of competent jurisdiction and judgment rendered against it, which may be perplexing, inexpedient, and unnecessary. This I do not believe to be the law. The reverse of the conclusions reached by me, in the case at bar, are expressed with much force in the

opinion of Ch. Justice Dixon in *Stringham v. The Board of Supervisors of Winnebago County*, 24 Wis., 594.   It is not my purpose to review that opinion, and it is with hesitation that I confess an inability to agree with that decision, especially in an opinion of such an able jurist, and so well characterized by his usual vigor and confidence.   The opinion referred to is chiefly based on the language of the granting clause of the Wisconsin statutes respecting the authority of the county board of supervisors "to settle and allow all accounts chargeable against the county." Upon this language of the law the author of that opinion finds authority for restricting and limiting the power of the board to "the examination and allowance of claims and demands arising out of some express or implied contract, or of some fiduciary relation."   The second clause of Sec. 35, Chap. XIII. of the statutes of Wisconsin, provides that, the board of supervisors of each county of that state shall have power at any legal meeting "to examine and settle all accounts of the receipts and expenses of the county; and to examine, settle, and allow all accounts chargeable against such county, and to issue county orders therefor."   The corresponding provision of our statute is, "to examine and settle all accounts against the county, and all accounts concerning the receipts and expenditures of the county " (Sec. 23, Chap. 18), which seems but little broader.

So far as the decision of the question involved depends on the construction and limitation of the words of the Wisconsin statute, "to examine, settle, and allow all accounts chargeable against such county," I cannot distinguish a narrower purview than that of the words of our statute, " to settle all accounts against the county, and all accounts concerning the receipts and expenditures of the county."

The language of either statute seems sufficient to confer the power on the county board to hear and determine the claim or demand of a citizen against the county, of what-

ever nature, under contract or by tort, especially when the right of appeal is preserved as well to the claimant as to any citizen tax-payer who may feel aggrieved by an adverse decision.

In the Wisconsin case referred to, the court cites with approval the case of *Brady v. The Supervisors of the County of New York,* 2 Sand. (S. C.), 460. An examination of that case shows that, so far as the question before us, and that in the Wisconsin case, is involved, it amounts to mere *obiter dicta.* The action was brought to recover for services as counsel for the board of supervisors, without provision of law, and the decision found that, "the plaintiff must fail on the ground that his claim was a county charge, for which no action can be sustained against the board of supervisors." The statute of New York provided that such claims should be examined, settled, and allowed by the board of supervisors, to be audited by the board, and no provision for appeal or further controversy. But there is an essential difference in our statutes from those of Wisconsin and New York. Their provisions are similar, as follows, from the Wisconsin statute, p. 294:

" Sec. 20. Whenever any controversy or cause of action shall exist between any of the counties of this state, or between any county and the state, or an individual or individuals, such proceedings shall be had for the purpose of trying and finally settling such controversy, and the same shall be conducted in like manner and have like effect as between individuals and corporations.

" Sec. 21. In all such actions or proceedings by or against a county, the name in which the county shall sue or be sued shall be, The Board of Supervisors of the county of ——, but this provision shall not prevent other county officers, when authorized by law, from suing in their name of office for the benefit of the county.

"Sec. 22. In all legal proceedings against the board of supervisors, the process shall be served on the clerk of

the board ; and wherever such action or proceeding shall be commenced, it shall be the duty of the clerk forthwith to notify the district attorney thereof, and to lay before the board of supervisors, at their next annual meeting, all the information he may have in regard to such action or proceeding.

"SEC. 23. On the trial of every action in which a county may be interested, the inhabitants of such county shall be competent witnesses and jurors, if otherwise competent or qualified according to law.

"SEC. 24. Any action in favor of or against a county which, if prosecuted by or against an individual, could be prosecuted before a justice of the peace, may be prosecuted by or against such county in like manner before such justice.

"SEC. 25. In all actions or proceedings prosecuted by or against counties, or by or against county officers in their name of office, costs shall be recoverable as in actions between individuals."

And both courts predicate largely on these provisions, as showing the intention of the legislature that counties might be sued in some class or classes of actions the same as individuals, and that, as by virtue of other provisions, "All accounts, claims, and demands," should be first presented to the county board, therefore the provisions of the statute cited must refer to actions of tort, which must be prosecuted in court and over which the county board has no jurisdiction. Be this as it may appear, our statute contains no such provisions, nor does it refer to suits against the county in terms inconsistent with the requirements of an appeal from the county board of commissioners.

I am of the opinion that the county board of Richardson county had jurisdiction to audit and allow the claim of the defendant in error, and that his only method of bringing it to the district court was, in presenting it to the board, and on the refusal to audit and allow it, to have brought it up to the district court by appeal, as provided by law.

It further follows that, having presented his claim to the board, and it having been considered adversely, and having appealed from that decision to the district court, and the court, in due course of judicial procedure, having dismissed the appeal, that judgment is a final disposal of the suit, unless reversed on error in the supreme court.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.