JOHN WELSH, APPELLEE, v. SARPY COUNTY, APPELLANT.

FILED SEPTEMBER 26, 1910.    No. 16,133.

Judgment: CONCLUSIVENESS. "If to a petition or pleading in an action a general demurrer is interposed, and the pleading is determined defective for the want of a material allegation, and a judgment follows, and in a second suit the material averment which the pleading in the first suit lacked is supplied, constituting the pleading sufficient as a statement of a cause of action, the judgment in the first case is not a bar to the second suit, though both were instituted to obtain the enforcement of the same right." *State v. Cornell*, 52 Neb. 25.

APPEAL from the district court for Sarpy county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Ernest R. Ringo*, for appellant.

*James T. Begley, contra.*

FAWCETT, J.

Plaintiff was appointed bailiff of the district court for Sarpy county, and discharged the duties of that office for

23 days. The statute fixes the compensation for such services at $2 a day. He filed a claim with the board of county commissioners for the amount due, but failed to make the oath required by section 38, ch. 28, Comp. St. 1909. The board disallowed the claim, whereupon plaintiff appealed to the district court. In that court the county attorney filed a demurrer containing two counts: First, that the court was without jurisdiction of the person of defendant, or the subject of the action; and, second, that the petition did not state facts sufficient to constitute a cause of action. The record then recites: "This cause now coming on to be heard upon the demurrer of defendant to the petition of plaintiff, in that said petition fails to state a cause of action; the court having heard the argument of counsel, and being fully advised in the premises, sustains said demurrer; whereupon plaintiff dismisses this action without prejudice to the commencement of a new action." Thereupon plaintiff filed a second claim with the commissioners, with the proper oath. The claim was rejected, and plaintiff again appealed to the district court. On the second appeal defendant set up the former proceedings as a bar to plaintiff's action. There was a trial to the court without the intervention of a jury, and a finding and judgment in favor of plaintiff for the amount of his claim. Defendant appeals.

The admissions of defendant in its answer and in the record upon the hearing are that the claim is in due form, that plaintiff was regularly appointed bailiff and served the number of days claimed, and that the amount demanded is the amount allowed by law. We are utterly at a loss to understand why the county commissioners rejected this claim. It is just as much the duty of county commissioners to pay honest claims as it is to refuse to pay dishonest demands; and where commissioners, in disregard of their plain duty, reject an honest claim, it is no part of the duty of the legal department of the county to resort to persistent legal proceedings in an attempt to aid the commissioners in the perpetration of the attempted

wrong. Viewed from any standpoint, the defense in this case is utterly without merit. Counsel for defendant relies upon *Richardson County v. Hull*, 24 Neb. 536; but that case is in no manner in point. There the claim was filed with the county board and rejected. Claimant appealed to the district court. In the course of proceedings in the district court the appeal was dismissed. He subsequently commenced a second action in the district court, and we held that the dismissal of the appeal in the former action was a final disposition of the case. The effect of the dismissal of the appeal was to leave the judgment of the commissioners in full force and effect. The further point decided in that case was that the district court, upon the second hearing, was without jurisdiction for the reason that a claim must first be filed with the board, which was not done in that case.

But it is needless to spend time discussing this case. The question has been decided, and correctly disposed of, adversely to defendant's contention, both in this court and in the supreme court of the United States. *State v. Cornell*, 52 Neb. 25; *Gould v. Evansville & C. R. Co.*, 91 U. S. 526. In the *Cornell* case we held: "If to a petition or pleading in an action a general demurrer is interposed, and the pleading is determined defective for the want of a material allegation, and a judgment follows, and in a second suit the material averment which the pleading in the first suit lacked is supplied, constituting the pleading sufficient as a statement of a cause of action, the judgment in the first case is not a bar to the second suit, though both were instituted to obtain the enforcement of the same right." Precisely to the same effect is the *Gould* case.

There are other reasons which could be assigned in support of the judgment of the district court, but we deem it unnecessary to refer to them.

AFFIRMED.