BOARD OF COMMISSIONERS OF DIXON COUNTY, PLAINTIFF IN ERROR, V. JOHN B. BARNES, DEFENDANT IN ERROR.

County Board: JURISDICTION. The board of county commissioners have exclusive original jurisdiction in the examination and allowance of claims against a county, and the only mode of prosecuting an action on such claims is by appeal from their decision.

ERROR to the district court for Dixon county. Tried there before Isaac Powers, Jr., referee.

*J. J. McAllister*, for plaintiff in error.

*Gantt & Norris*, for defendant in error.

BY THE COURT.

In July, 1880, the defendant in error commenced an action against the plaintiff before a justice of the peace of Dixon county to recover the sum of $50, with interest from January, 1879, "for services as attorney for said commissioners in the case of Gaugurve." A summons was issued and served and judgment rendered against the county for the sum of $50.70. The case was taken on error to the district court, where the judgment was affirmed.

The only question for the determination of this court is, had the justice jurisdiction? In other words, can a party having a claim against a county refuse to file the same with the county commissioners for allowance, but bring an action directly thereon? The question depends upon the construction to be given sec. 37 of an act concerning counties and county officers approved Feb., 1879, which reads as follows; "Before any claim against a county is audited and allowed, the claimant or his agent shall verify the same by his affidavit, stating that the several items therein mentioned are just and true, and the services charged therein, or articles furnished as the case may be, were rendered or furnished as therein charged, and that the amount allowed is due and unpaid after allowing all past credits. *All claims* against the county must be filed with the county clerk, and when the claim of any person against a county is disallowed in whole or in part by the county board, such person may appeal from the action of said board to the district court of same county, etc." There is also a provision that a taxpayer may appeal.

It is very clear from an examination of the statute that the legislature intended *all* claims against the county to be submitted to the county commissioners for examination and allowance. The object doubtless was to prevent counties being subjected to costs and to guard the right of taxpayers against judgments rendered upon questionable claims through the neglect or collusion of those having the charge of county affairs. The statute has therefore provided a plain adequate remedy for creditors, by requiring them to verify their claims by stating that the several items thereof are just and true, and that the amount claimed is due after allowing all past credits. These claims are submitted to the county board, and they are held responsible to the people at large for their action in the premises. If a claim is allowed that in the opinion of any taxpayer is unjust he may appeal to the district court, and the warrant is required to be withheld for twenty days after the allowance of a claim to enable any taxpayer to take such appeal. In this way the rights of the claimant and the taxpayers may be protected. We adhere to our decisions in *Brown v. Otoe Co.*, 6 Neb., 111, and *Clark v. Buffalo Co.*, Id, 454, and those decisions hold, that the board has exclusive original jurisdiction in the examination and allowance of claims against a county. The judgment of the district court is reversed, and the cause dismissed.

JUDGMENT ACCORDINGLY.