## SIOUX COUNTY v. CHARLES C. JAMESON.

FILED JANUARY 3, 1895.   No. 5749.

County Board: PASSING ON CLAIMS. Where a claim is presented to a county board for its examination and allowance or rejection, in the examination of such claim the board acts judicially, and its order or judgment allowing or disallowing the claim is conclusive unless reversed in appellate proceedings.

ERROR from the district court of Sioux county. Tried below before Bartow, J.

*Hugh T. Conley,* for plaintiff in error, cited: *Hamlin v. Meadville,* 6 Neb., 227; *Rogers v. Walsh,* 12 Neb., 28; *City of Blair v. Lantry,* 21 Neb., 259; *Cuming County v. Tate,* 10 Neb., 195; *State v. Dixon County,* 24 Neb., 106.

*D. B. Jenckes* and *George Walker, contra,* cited: *Richardson County v. Hull,* 24 Neb., 536; *Brown v. Otoe County,* 6 Neb., 111; *Clark v. Dayton,* 6 Neb., 192; *Ragoss v. Cuming County,* 36 Neb., 375.

HARRISON, J.

It appears from the record that the defendant was, during the years of 1887, 1888, and 1889, county clerk of Sioux county; that he had, when it was necessary in the performance of the duties of his office, employed and paid an assistant, or clerk, and presented bills for the amounts paid such clerk or assistant to the county commissioners in the shape of claims, which were allowed, and warrants drawn on, and paid from, the general fund. The claims so allowed and paid amounted in the aggregate to $98. To recover such amount the plaintiff instituted this action in the county court of Sioux county, where it was awarded a judgment therefor. The defendant appealed to the district court, and on October 31, 1891, the plaintiff filed its petition, to which the defendant interposed a general demurrer, which was, on hearing, sustained, and the plaintiff elected to abide by its petition, and plead no further. The action was dismissed, and the plaintiff has brought the case to this court by an error proceeding to obtain a review of the action of the district court.

The petition raises the question, could the county commissioners allow a claim for the service of a clerk or an assistant to the county clerk and order the amount of the claim paid from the general fund of the county? This was for them to determine at the time the claims were presented for their examination and allowance or disallowance,

and from their decision the legislature has provided for an appeal. "It has been definitely settled by repeated decisions of this court that the county board, in the examination and allowance or rejection of claims against the county, acts judicially, and its judgments or orders in such cases are conclusive unless reversed in the manner provided by law." (*State v. Churchill*, 37 Neb., 704. See, also, *Brown v. Otoe County*, 6 Neb., 111; *State v. Buffalo County*, 6 Neb., 454; *Ragoss v. Cuming County*, 36 Neb., 375.) This being true, it follows that the ruling of the district court sustaining the demurrer was right.

AFFIRMED.