## F. W. RAGOSS ET AL. V. CUMING COUNTY.

FILED OCTOBER 1, 1895. NO. 5778.

County Clerks: FEES: ALLOWANCE OF CLAIMS BY COUNTY BOARDS. The facts and the questions of law involved in this case are in all respects similar to those involved in *Heald v. Polk County*, 46 Neb., 28, decided herewith, and on the authority of that case the judgment of the district court rendered herein is reversed.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*J. C. Crawford, M. McLaughlin,* and *T. M. Franse,* for plaintiffs in error.

*H. C. Brome* and *P. M. Moodie, contra.*

RAGAN, C.

The county of Cuming brought this suit in the district court of that county against F. W. Ragoss, as principal, and the sureties on his official bond as county clerk, to recover the amount of certain fees which the county alleged Ragoss, during his term of office, had collected for services performed by him as such clerk and had retained in excess of the amount which he was allowed by law to retain for the services performed by him as such clerk. The county had a verdict and judgment, and Ragoss and the sureties have prosecuted to this court petitions in error.

It appears that during the time Ragoss was in office he made up the tax lists for the county, made out the road supervisor's books, canvassed election returns, and performed other services which, under the law as it then existed, it became his duty to perform without any extra compensation over and above the salary or compensation attaching to the office of county clerk. For these extra services per-

formed by Ragoss he filed his claims with the county clerk
of said county.   These claims were audited and approved
by the county board of said county, warrants drawn there-
for in favor of Ragoss on the treasurer and by him paid.
The suit is in effect one by the county to recover back this
money unlawfully paid by it to Ragoss for such extra
services performed by him.   The facts and the questions
of law involved are in all respects similar to those in-
volved in the case of *Heald v. Polk County*, 46 Neb., 28,
and following that case the judgment here must be re-
versed and the cause remanded.

REVERSED AND REMANDED.