CUMING COUNTY v. JULIUS THIELE.

FILED JUNE 16, 1896. No. 6730.

County Boards: RULINGS ON CLAIMS. The question presented in this case is the same as that decided in *Sioux County v. Jameson*, 43 Neb., 265; accordingly, the judgment of the district court is affirmed.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*P. M. Moodie*, for plaintiff in error.

*T. M. Franse* and *J. C. Crawford, contra.*

RYAN, C.

The defendant in error was county clerk of Cuming county two terms, that is, from January 6, 1888, till January 6, 1892. On the 10th day of March, 1891, he filed a claim in the office of the county clerk in respect to which, on June 18, 1892, the following resolution was passed by the board of supervisors: "Be it resolved, that the claim of ex-county clerk Thiele for $634.24, and interest $96, or a total of $730.24 filed March 10, '91, for making the tax list of the year 1888, coming up for consideration, and it appearing to the board that said Thiele did during his term of office ending January 7, 1890, receive and retain and does still retain fees and emoluments of office to the amount of $783.71 in excess of the amount to which he was lawfully entitled, it is considered, ordered, and adjudged that this claim be offset against said sum of $783.71 due from Thiele to the county and that his said

claim be therefore rejected." From this action of the county board Thiele appealed to the district court of said county, where, upon a trial to a jury, he obtained a verdict for the amount of his claim, upon which judgment was duly rendered. There is argued but one question, and that is, whether or not the board of supervisors of Cuming county, upon a presentation of a claim in all respects meritorious, had the authority in law to offset against it the amount of a claim which had been allowed by a former board and paid. The argument of the plaintiff in error is that, as the claim which had been paid was for services for which the clerk was not entitled to receive compensation, the allowance thereof was a complete nullity and might, therefore, be ignored. These services were of the same nature as were those under consideration in *Sioux County v. Jameson*, 43 Neb., 265, and following the rule laid down in that case the judgment of the district court in this is

AFFIRMED.