WILLIAM TAYLOR ET AL., APPELLEES, V. FRANK DAVEY, COUNTY TREASURER OF DAKOTA COUNTY, ET AL., APPELLANTS.

FILED MAY 19, 1898.    No. 8074.

1. **County Board: ALLOWANCE OF CLAIMS: CONCLUSIVENESS.** An order of a county board allowing or rejecting claims against the county has the force and effect of a judgment, and is conclusive unless vacated or reversed on appeal.

2. ———: ———: APPEAL BY TAXPAYER. A taxpayer may prosecute an appeal to the district court from the decision of a county board in the allowance of claims.

3. ———: ———: WARRANT: INJUNCTION: PARTIES. A court of equity will not, at the suit of a private individual, enjoin the payment of a warrant issued upon a claim duly audited by the county board, the remedy being complete at law, by appeal from the order allowing the claim.

4. **Injunction Against County Board.** *Ackerman v. Thummel*, 40 Neb. 95, distinguished.

APPEAL from the district court of Dakota county. Heard below before NORRIS, J. *Reversed.*

*Jay & Welty,* for appellants.

*W. P. Warner* and *R. E. Evans, contra.*

NORVAL, J.

In November, 1892, one Simon Fritzon presented a claim to the county board of Dakota county for the sum of $1,100, the balance alleged to be due him for making an examination of the books and accounts of the treasurer of said county. On December 1, following, the county board audited and allowed said claim, and a warrant for said amount was drawn upon the county general fund in favor of said Fritzon, and the same was registered for payment by the treasurer. Afterwards, on February 1, 1894, this suit was instituted by two electors and taxpayers of the county to enjoin the payment of said warrant by the county treasurer. The owner of the warrant intervened, and upon the final hearing the district court entered a decree perpetually enjoining the payment of the warrant. The defendant and intervener have brought the record to this court for review.

Plaintiffs sought to enjoin the payment of the warrant in question for the following reasons: (1) That the contract made by said county with Fritzon, which is the basis for said warrant, was illegal; (2) that said contract was not executed; (3) that said claim was not included in the estimates of expenses made by the county board; (4) there was no money on hand, or levy of taxes made, against which said warrant could be drawn.

A county board has exclusive original jurisdiction to examine and pass upon claims against the county properly cognizable for audit and allowance, and the action of such board in allowing and rejecting claims has the force and effect of a judgment, and is conclusive unless vacated or reversed by means of appropriate appellate proceeding. This is the settled doctrine of this court.

(*Heald v. Polk County,* 46 Neb. 28; *State v. Merrell,* 43 Neb. 575; *State v. Churchill,* 37 Neb. 702; *Ragoss v. Cuming County,* 46 Neb. 36, 36 Neb. 375; *Sioux County v. Jameson,* 43 Neb. 265.) The grounds above stated upon which relief is demanded, or the most of them, would have afforded good and valid reasons for the rejection by the county board of the said claim of Fritzon, had the objections been seasonably presented. But the board had jurisdiction to audit and pass upon this claim, and it having acted in the premises, allowed the demand, and drawn a warrant for its payment, the decision is conclusive upon the county and the taxpayers thereof, since no appeal was prosecuted by any one from the action of the board.

A court of equity will not, at the suit of a private individual, enjoin the payment of a county warrant where a complete and adequate remedy is afforded by law. Section 38, article 1, chapter 18, Compiled Statutes, authorizes any taxpayer to appeal to the district court from the allowance of any claim against the county. Thus these plaintiffs under this statute had a complete remedy at law, which they failed to pursue. Relief cannot be had by injunction.

*Ackerman v. Thummel,* 40 Neb. 95, is readily distinguishable from the case at bar. That was an action to enjoin the issuance and payment of a warrant on the county treasurer for damages sustained by a land owner in the establishing of a public road. The action was maintained because the statute did not authorize a taxpayer to appeal in such a case. There his only adequate remedy was by injunction. In this case a plain and sufficient remedy existed at law, and a court of equity, for that reason, will not interfere. The decree is reversed and the action dismissed.

REVERSED AND DISMISSED.