HAYES COUNTY V. JOHN H. CHRISTNER.

FILED FEBRUARY 6, 1901.   No. 9,380.

1. County Clerk: SALARY: FEE BOOK: ACCOUNTING.   The county clerk of each county in this state is required by law to enter upon his fee book and account to the county board for all moneys received by him as salary.

2. ———: ———: AGREEMENT WITH BOARD: COMPENSATION IN EXCESS OF LIMIT.   An agreement or understanding between the county board and county clerk that the latter shall receive, for per-

forming his official duties, compensation in excess of the limit
fixed by law is null and void.

3. ———: ———: CLAIM: ADJUDICATION: AVAILABILITY PRO TANTO.
Where a claim for salary and extra compensation is presented
by a county clerk to the county board and allowed, the order
of allowance is available to the clerk as an adjudication, only
to the extent that the board acted judicially.

4. ———: ———: ———: ———: ———: PROOF. In such case the
clerk, if he relies on the action of the board as an adjudication
in his favor, must show affirmatively what part of the claim
allowed was for extra compensation and what part for salary.

5. Finding of Referee: EFFECT: REVERSAL: ACTION OF THE COURT.
Where the findings of a referee have the effect of a special
verdict, and the decision of the trial court is reversed for error
which does not affect the findings or impeach their correctness,
this court will render the proper judgment or remand the cause
with special directions.

ERROR from the district court for Hayes county.
Tried below before GRIMES, J. *Reversed.*

*John Wilson* and *Webster S. Morlan,* for plaintiff in error.

*John W. Cole* and *R. C. Orr, contra.*

SULLIVAN, J.

John H. Christner, the plaintiff below, was the duly
constituted county clerk of Hayes county during the
years 1888 and 1889. In this action, which came to the
district court by appeal from an order of the county
board, he filed a petition asking a judgment for the sum
of $1,361, which he claimed was due him on account of
services rendered and money expended for the county
while acting in his official capacity. The issues evolved
by the pleadings were tried before a referee, who in due
time filed his report finding that the plaintiff should be
charged with fees earned and received amounting to
$4,646 and be credited with $4,923, for services rendered
and money paid out. For the difference between these
amounts, being $277, the court gave judgment against
the county. The report of the referee, which has the

effect of a special verdict, does not, in our opinion, support the decision rendered. It is quite evident from the report that the plaintiff received $350 as salary which the referee erroneously failed to charge him with in the accounting. The findings relating to this matter are as follows:

"3. That, for the year 1888 it was agreed and understood by and between the plaintiff and the board of county commissioners of said county that the plaintiff should receive a salary of $200 per annum, for attending to the business of the county and for finishing work left undone by his predecessor in office.

"4. That the only record of the action of said board of county commissioners in the matter of * * * allowance for salary to the plaintiff for the year 1888, as county clerk of said county, entered upon the commissioners' record, was made on the 3d day of April 1888, and is as follows: 'On motion the county clerk is allowed $200 per year for doing the county work.' * * *

"13. That the plaintiff made out and filed with the board of county commissioners of said county, a sworn claim for the sum of $100 for his salary from January 5th, 1888; to July 1st, 1888, and on the 18th day of June 1888, said claim was duly audited by said board of county commissioners and a warrant was drawn on the treasurer of said county for said amount in favor of the plaintiff in payment of said claim of the plaintiff as county clerk, and the same was duly paid.

"14. That the plaintiff made out and filed with the board of county commissioners of said county, a sworn claim for the sum of $100 for his salary as county clerk from July 1st, 1888 to January 1st, 1889, which claim was on the 18th day of June 1889, duly audited, a warrant drawn on the treasurer for same and paid to plaintiff.

"15. That the plaintiff made out and filed with the board of county commissioners of said county, a sworn claim for the sum of $100 for his salary as county clerk

from January 1st to July 1st, 1889, which claim was, on the 27th day of July, 1889, duly audited, a warrant drawn on the treasurer of said county for same, and paid to plaintiff.

"16. That the plaintiff made out and filed with the board of county commissioners of said county, a sworn claim for the sum of $50 for salary as county clerk of said county for the third quarter of the year 1889, which claim was, on the 7th day of October, 1889, duly audited and a warrant for said amount drawn on the treasurer of said county and paid to the plaintiff.

"17. The plaintiff did not report or include in the fees or moneys received by him as such county clerk during his term of office, the * * * $200 which he received as salary for 1888, and the $150 which he received as salary for 1889.

"19. The $350 paid to the plaintiff as salary for the years 1888 and 1889 was with the knowledge and understanding of the board of county commissioners of said county and the plaintiff that the same was to be and was additional to the $1,500 salary which the plaintiff was entitled to from the fees received by him as such county clerk."

"20. No appeal was ever taken from the action of the said board of county commissioners, in the matter of the allowance of the claims of the plaintiff for salary."

The maximum compensation of the plaintiff as county clerk of Hayes county was $1,500 per year, and it was his duty to enter upon his fee book, and account to the commissioners for, the several sums received by him as salary. *State v. Silver*, 9 Nebr., 85. The agreement or understanding referred to in the nineteenth finding was in contravention of the statute and therefore void. The claims presented and allowed under the order set out in the fourth finding were not claims for extra compensation, but for salary. But if those claims had been in part for extra compensation, the orders of allowance would be available to the plaintiff as adjudications only to the

extent that the board acted judicially upon them. To bring himself within the rule established by *Heald v. Polk County*, 46 Nebr., 28, and *Ragoss v. Cuming County*, 46 Nebr., 36, the plaintiff would have to show affirmatively what part of the $350 was for extra services and what part for salary as clerk of the county board. The burden was upon him to show where the ministerial functions of the board ended and where its judicial functions commenced. In the absence of a finding that any part of the $350 was allowed as extra compensation, it must be all considered and dealt with as salary.

The plaintiff did not move to set aside the findings; they were apparently satisfactory to him, and he must now be content with the judgment which should be pronounced upon them. The legal conclusion from the facts found is that the county is not indebted to Christner in any sum whatever. The decision of the district court is, therefore, reversed and the action dismissed.

REVERSED AND DISMISSED.