COUNTY OF DOUGLAS V. GEORGE A. BENNETT ET AL.

FILED APRIL 10, 1901. No. 9,413.

1. Action on Official Bond: Excess of Fees: Answer: Judgment on Pleadings. In an action by a county on the official bond of a county officer for fees alleged to have been received in excess of the amount allowed by law, and for which the officer failed to account and pay into the county treasury, an answer alleging a settlement and full accounting with the county commissioners of all items mentioned in the petition, and regarding the same facts therein mentioned, which were well known to and understood by the county commissioners, and that all of said accounts were duly and legally settled between the plaintiff and the said officer, presents a good defense, and in the absence of a reply, judgment on the pleadings in favor of the defendant is proper.

2. Settlement of Officer with County Board Conclusive in Absence of Fraud, Mistake and Imposition. Where a full and complete settlement of a county officer with the county commissioners, who are authorized to make the same, has been made, such settlement is final and conclusive, unless there is fraud, mistake or imposition in making the same.

ERROR from the district court for Douglas county. Tried below before FAWCETT, J. *Affirmed.*

*A. N. Ferguson,* for plaintiff in error.

*Wharton & Baird, contra.*

HOLCOMB, J.

The county of Douglas began an action on the official bond of George A. Bennett, deceased, former sheriff of the county, against the sureties thereon, to recover a balance of fees alleged to have been collected by the officer in the performance of his duties as such, in excess of the sums he was authorized to retain, which he had failed, as alleged, to account for and pay over to the county, by reason of which there was a default in the conditions of the bond and a liability existing against the sureties thereon.  To the petition the defendants answered, among other things, alleging a settlement and full accounting with the county commissioners of all the items mentioned in the petition; that at the date of such settlement the alleged facts in the petition were well known and understood by the county commissioners, and that all accounts were duly and legally settled between the plaintiff and the said officer in his life time.  There was also a paragraph in which, as a defense, it was pleaded that the principal on the bond was deceased and his estate administered upon; that due and legal notice of the time for filing claims against the estate had been given, and had expired; that no claim had been filed, and that the claim of the plaintiff as against the estate of the principal had become barred, and by reason thereof the principal and his estate had been released of all liability on the bond, by reason of which the sureties were likewise released and discharged from any liability thereon.  A demurrer was interposed to the paragraph of the answer pleading the facts above referred to, which was by the court overruled.  The plaintiff thereupon asked and obtained leave to withdraw its reply to the remainder of the answer theretofore filed, and elected to stand on its demurrer.  Thereupon the cause came on for hearing on the pleadings, upon which judgment was rendered dismissing the action.  From the judgment of dismissal the action is by error proceeding brought here for review.

The withdrawal of the reply was, in effect, an admission of the truth of all facts pleaded in the answer, and left the demurrer a general one.

Without discussing the propositions of law involved in the defendants' plea to the effect that the estate of the principal on the bond was discharged from liability thereon, and that such discharge would also release the sureties, we are of the opinion that the answer presented a good defense, wherein it is alleged that a complete settlement and full accounting was had regarding the same facts and items mentioned in the petition, and that such matters had been fully adjusted and accounted for, and final settlement thereof had with the county commissioners of the plaintiff county. Unless there was mistake or fraud in such settlement (and the withdrawal of the reply admits the facts pleaded), the county could not thereafter maintain an action on the same items included in and accounted for by such adjustment and settlement. Says MAXWELL, C. J., in *Ragoss v. Cuming County*, 36 Nebr., 383: "A county board in allowing a claim which the law authorizes them to act upon may make an honest mistake, and allow or disallow an order. If any person is aggrieved thereby the law provides an adequate remedy by appeal. There should be an end to litigation, and an officer who has faithfully performed the duties of his office and made a full settlement with the tribunal authorized to settle the same should be permitted to rest on such settlement, unless there is fraud, mistake, or imposition in making the same." See, also, *Kennedy v. Goodman*, 14 Nebr., 585; *Keller v. Keller*, 18 Nebr., 366. If there was fraud or imposition, or a mistake had been made, the alleged settlement would not be final; but there is nothing of the kind raised in the pleadings, and, in the state in which we find them, the defendants were entitled to judgment, irrespective of the question of the ruling of the trial court on the demurrer to the paragraph of the answer pleading a discharge of the sureties, because the plaintiff was barred from a recovery against

the estate of the principal by reason of the proceedings had in administering the estate.

The judgment of dismissal is

AFFIRMED.