GEORGE MITCHELL ET AL. v. COUNTY OF CLAY.*

FILED SEPTEMBER 17, 1903.  No. 12,664.

1. County Commissioners: POWERS. Prior decisions as to the powers of county commissioners in passing upon claims against the county and in making settlements with county officers examined and discussed.

2. ———: JUDICIAL FUNCTIONS. When the law commits to any officer the duty of looking into facts and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial, the function is *quasi* judicial.

3. ———: ———: CLAIMS. County commissioners act *quasi* judicially in passing upon claims against the county, whenever their action is not merely a formal prerequisite to the issuance of a warrant, but involves the determination of questions of fact, upon evidence or the exercise of discretion in ascertaining or fixing the amount to be allowed.

4. ———: MINISTERIAL ACTS. But they have no judicial power or discretion as to interpretation of the law. Whenever the course to be pursued or the amount to be allowed is fixed by law, they must follow the law, and their acts in so doing or endeavoring so to do are ministerial only.

5. ———: ACCOUNTS OF COUNTY OFFICERS. The action of county commissioners in adjusting the accounts of county officers under sections 43 and 44, article 1, chapter 18, Compiled Statutes, is ministerial only.

6. ———: ———. A settlement with a county officer which, in substance, is an adjustment of his accounts, does not become *quasi* judicial, so as not to be reviewable otherwise than by appeal, merely because claims were filed for sums claimed to be due such officer and allowed for the purpose of enabling warrants to be drawn therefor.

7. ———: MINISTERIAL ACTS. If, in such case, the compensation to be allowed the officer is fixed by law, the allowance of the claim is formal only.

* Rehearing allowed. See opinion, p. 795, *post*.

8. **Quasi Judicial Act.** On the other hand, if the amount to be allowed is in the discretion of the commissioners, or if, in fixing such amount, the law requires them to decide questions of fact, their action is *quasi* judicial.

ERROR to the district court for Clay county: GEORGE W. STUBBS, DISTRICT JUDGE. *Reversed.*

*George H. Hastings* and *William Clark,* for plaintiffs in error.

*Ambrose E. Epperson* and *Thomas H. Matters, contra.*

POUND, C.

This action was brought by the county of Clay against Mitchell, formerly the clerk of said county, and the sureties on his bond, to recover moneys received by Mitchell as such officer in excess of the compensation allowed him by law. The answer, among other things, alleged that Mitchell had performed certain extra services for the county for which no fees were provided and had made out and presented claims for such services to the county board, which said board in due course allowed and ordered paid; that no appeal had ever been taken from said judgments and orders and they remained in full force, unappealed from, unreversed and unmodified; that warrants had been issued to him for said amounts by order of said board, and that this suit was brought to recover back the sums allowed and paid him as aforesaid. Trial was had to the court which found for the plaintiff. The items in controversy are of two kinds. On the one hand, there are allowances for services as clerk of the county board in accordance with section 14, chapter 28, Compiled Statutes (Annotated Statutes, 9040). On the other hand, there are items for services in canvassing election returns, for which the statute provides a specified compensation.

An examination of the reported decisions of this court will disclose that three different views have been taken as to the effect of such settlements with county officers.

In the earlier cases, it was held that the board had no discretion to allow any sums in excess of the compensation fixed by law, and that its action in allowing claims where the amount was determined by statute was ministerial only and not binding in collateral proceedings. Subsequently a line of cases sprang up in which it came to be held that whenever a claim was filed under section 37, article 1, chapter 18, Compiled Statutes (Annotated Statutes, 4455), the action of the county board in passing on such a claim was judicial, and was binding in collateral proceedings in the absence of fraud, concealment or misrepresentation. More recently a few cases have gone still further, and have indicated that any settlement with the county officer purporting to be full and final is binding both upon the officer and county unless appealed from. Under such circumstances, it seems expedient to review the decisions at length in order to ascertain whether and how far they may be reconciled and to deduce from them, if possible, a consistent doctrine upon this subject in harmony with the statutes.

The earliest case in the reports dealing with this matter is *Brown v. Otoe County,* 6 Neb. 111. The question in that case was whether an action could be brought against the county for printing and publishing a delinquent tax list, or the claimant must be left to appeal from the action of the county board. The court held that the action of the commissioners on a claim of that character was judicial and that their determination was conclusive unless reversed upon error or appeal.

In *State v. Board of County Commissioners of Buffalo County,* 6 Neb. 454, another phase of the same question arose with reference to a claim for money due on a contract for building a portion of a bridge lying in two counties. It was held that the action of the board on such claim was judicial and conclusive unless appealed from, and hence that the board could not afterwards vacate its own adjudication. The question whether a board of county commissioners could vacate an order allowing a claim

arose again in *Kemerer v. State,* 7 Neb. 130.    In this case
the county clerk presented a claim for preparing the tax
list, a service for which the fees were definitely fixed by
law.    The court held that the allowance of the claim in
such a case was not a judicial act "because the board has
no judgment or discretion to exercise in the matter."  Dis-
cussing this point it said:

"Fees of the county clerk for preparing the tax list and
duplicate are definitely fixed by law, and the board can
not make them any greater or any less, and therefore the
duty of the board is merely ministerial, and that is, to
issue a warrant to the clerk for the amount so fixed by
law for preparing the tax list and duplicate."

*Richardson County v. Hull,* 24 Neb. 536, was a suit
against the county to recover a sum claimed to have been
paid as taxes upon a tract not subject to assessment.    It
was held that this cause of action must be prosecuted by
presenting a claim to the county commissioners in the first
instance, and that the action of the commissioners on such
a claim was judicial and conclusive unless appealed from.
In this case, in order to ascertain whether or not the lands
were subject to assessment, it was necessary to find, as a
question of fact, whether one Wilbur, whose widow and
heirs at law held title to the land, was a union soldier in
the service of the United States during the civil war and
lost his life in such war, and to find that said land was the
only property possessed by them in the state and did not
exceed $2,000 in value during the years it was assessed.
Hence it is apparent that questions of fact were involved
which it was necessary for the commissioners to decide
upon evidence.    *State v. Roderick,* 25 Neb. 629, was a sim-
ilar case to *Kemerer v. State, supra.*    A writ of mandamus
was applied for to compel the county treasurer to pay to
relator, the city treasurer, moneys in his hands alleged
to belong to the municipality.    The county treasurer
claimed to retain the sums in dispute as commissions and
as fees for certain services for which fees were fixed by
statute.    The statute also fixed precisely the amount of

commissions which he might charge. The court said that the fact that the amount was reported to the county board and allowed by them would make no difference since, as the compensation was fixed by law, the county board had no jurisdiction or authority to increase it.

"Where the fees are fixed by statute," said REESE, C. J., "the county board act ministerially, and not judicially, in allowing and paying such fees, and the allowance of any amount, in excess of that fixed by law, is simply void."

This case was followed in *County of Logan v. Doan*, 34 Neb. 104, in which the court said:

"Nor has the county board the power to allow a public officer a compensation in excess of that allowed by statute, nor where none is authorized."

*Ragoss v. Cuming County*, 36 Neb. 375, was an action by a county against a former county clerk to recover fees collected by him while in office. The items in dispute were for making the tax list in two separate years, for making assessors' books for the same two years, for extra services for one of the years, and for searching the records in a case against the county. The defense was that certain assistants or deputies had been appointed by order of the county board and that the sums in question had been paid to such assistants. The action of the board involved was its allowance of money paid out of excess fees to deputies and assistants upon claims filed by the clerk. How many assistants the clerk required was left to the judgment and discretion of the board by the statute applicable to that county at the time; and hence its action was clearly one requiring the exercise of discretion within the rule announced in *Kemerer v. State*. Accordingly the court held that the allowance of the claims was not open to collateral attack in the absence of fraud.

Thus far, it will be seen, the authorities are entirely consistent. The principle clearly to be deduced from them is that county commissioners act *quasi* judicially in passing upon claims against the county whenever such action involves the determination of questions of fact upon evi-

dence or the exercise of discretion in ascertaining or fix-
ing the amount to be allowed.  But whenever the course
to be pursued or the amount to be allowed is fixed by law,
they have no discretion and must follow the law, and their
acts in so doing or endeavoring so to do are ministerial
only.  The first hint of a departure from these principles
is to be found in *State v. Churchill,* 37 Neb. 702.  This was
an application for mandamus to compel the county board
to issue a warrant for a sum of money alleged to be due
the relator for services as bailiff in the district court.  The
statute then in force provided that bailiffs should receive
two dollars a day for their services.  The county board
deducted a considerable amount of delinquent taxes from
the warrant issued to the relator, under the authority of
section 49, chapter 18, Compiled Statutes (Annotated
Statutes, 4467).  It was contended that the statute of
limitations had run against these taxes and hence the
amount thereof could not be deducted.  It will be noted
that the amount payable to the bailiff was absolutely fixed
by law and that the law imperatively required the board
to deduct all delinquent taxes without leaving them any
discretion in the matter.  The court held, however, that
the county board in examining and allowing the claim
acted judicially and that its order was conclusive unless
reversed, and hence that the deduction of taxes improperly
was at most an error.  It is evident from reading the opin-
ion that there was no intention of departing from the prin-
ciples of the prior cases.  Moreover, the ruling may be
justified and was undoubtedly right upon another ground.
Section 646 of the code provides that mandamus shall not
issue in any case where there is a plain and adequate
remedy in the ordinary course of the law.  Hence, so long
as the relator had a remedy by appeal from the action of
the county board, the writ of mandamus was not available
to him.  The statute absolutely requires claims to be filed
before warrants issue, and an appeal may be taken in all
cases without reference to whether the action of the board
was ministerial or judicial.  It is true it might be said

that under our constitution the courts have judicial powers only, and hence a merely ministerial proceeding could hardly be maintained, as such, in the district court. But review of ministerial acts which preclude a citizen from obtaining money due him from the public is judicial in its nature, and it can not make any difference whether such review takes the form of an appeal or of proceedings in error. These observations apply also to *Pennock v. Douglas County,* 39 Neb. 293. This was an action against the county to recover money paid by the purchaser of real estate at a tax sale, on the ground that the taxes and assessments were illegal and void. As the claim was contractual in its nature, it clearly came within the purview of section 37, article 1, chapter 18, Compiled Statutes (Annotated Statutes, 4455), and hence was maintainable only in the manner prescribed by the statute. The question whether the action of the board in such a case was judicial or ministerial was not necessarily involved, and the holding of the court that the district court could not try an action of that character unless a claim was first filed with the county commissioners and an appeal taken from their order, in effect, decides a point of practice only. This view is sustained by a recent decision of this court in *Custer County v. Chicago, B. & Q. R. Co.,* 62 Neb. 657, in which it is held that the provisions of section 145, article 1, chapter 77, Compiled Statutes, are intended to enable the county board to inquire into the merits of claims filed under the preceding sections and pay such of them as it may deem just without litigation, and that the action of the county board under that section is not judicial, although claims are filed and the ordinary process of allowance or disallowance gone through with according to section 37, article 1, chapter 18, Compiled Statutes.

The first real departure, therefore, from the ruling established by the prior decisions is to be found in *Sioux County v. Jameson,* 43 Neb. 265. In that case the county board employed an assistant and presented claims to the county commissioners for the remuneration of such assist-

ant, which were allowed and paid by warrants on the gen-
eral fund. Afterwards the county sued to recover back the
money so paid. The right to employ assistants and pay
them out of the fees of the office was fixed by section 14a,
chapter 28, Compiled Statutes (Annotated Statutes, 9045).
That section applied only to counties having over 25,000
inhabitants, and hence not to Sioux county at the time
this cause arose. It seems clear, therefore, that in this
case the county clerk was allowed to receive the whole ·
$1,500 provided for by the statute, and also $98 paid to
the clerk or assistant for performing duties which the
clerk ought to have performed, and that the action of the
board in allowing this extra compensation, according to
the rule laid down in *Kemerer v. State* and *State v. Roder-
ick*, was of no force. Nevertheless the court said:

"The petition raises the question,. could the county
commissioners allow a claim for the service of a clerk or
an assistant to the county clerk and order the amount of
the claim paid from the general fund of the county? This
was for them to determine at the time the claims were
presented for their examination and allowance or dis-
allowance, and from their decision the legislature has
provided for an appeal. 'It has been definitely settled by
repeated decisions of this court that the county board, in
the examination and allowance or rejection of claims
against the county, acts judicially, and its judgments or
orders in such cases are conclusive unless reversed in the
manner provided by law.' "

The court did not intend, if we may judge from the
opinion, to depart from the principles theretofore an-
nounced. It either overlooked the line of cases holding
that allowance for compensation in excess of the amount
expressly fixed by statute was of no force or else it as-
· sumed that the county commissioners had a *quasi* judicial
power to construe the statutes. No suggestion to the
latter effect is to be found in the opinion, and we may
take it that the cause was argued and presented to the
court as one involving judicial action on the part of the

commissioners, without calling attention to such cases as *Kemerer v. State* and *State v. Roderick*. No conscious departure from the latter case is to be found in the reports until the case of *Heald v. Polk County*, 46 Neb. 28, which is the basis of a new line of decisions taking quite a different view. In this case, a county clerk after making a report of all fees received, and retaining the amount fixed by law, filed a claim for some $200 for making out the tax list of the county. This claim was allowed and a warrant delivered to the clerk. Afterwards suit was brought to recover the money. The court held that where the law prescribes the duties of a public officer and fixes his compensation, he must perform all the duties required of him for the compensation fixed. It held also that the clerk was not entitled to any extra compensation for making out the tax lists in a county having less than 25,000 inhabitants, under the statutes in force at that time. It conceded that the board acted ministerially in examining the clerk's report and adjusting the accounts between him and the county. But it held that the examination and adjustment of the reports on the one hand and the allowance of the claim on the other were independent transactions, and that in allowing the claim the board exercised judicial functions, so that its decision was conclusive as against collateral attack. In support of this holding it cited *Brown v. Otoe County, supra; State v. Buffalo County*, 6 Neb. 454; *Dixon County v. Barnes*, 13 Neb. 294; *Ragoss v. Cuming County, supra; State v. Churchill, supra*, and *Sioux County v. Jameson, supra*. The first four cases do not sustain any such holding, but are each in entire accord with the rule laid down in *Kemerer v. State* and *State v. Roderick*. *State v. Churchill* has been considered already. *Sioux County v. Jameson* is the only case cited affording any ground for the decision, and in that case, as we have seen, the deviation from the original rule was unintended and unconscious.

*Heald v. Polk County* has been followed in *Ragoss v.*

*Cuming County,* 46 Neb. 36, a case in all respects the same; *State v. Vincent,* 46 Neb. 408; *Cuming County v. Thiele,* 48 Neb. 888, and *Trites v. Hitchcock County,* 53 Neb. 79. In several other cases the court has cited *Heald v. Polk County arguendo,* or has purported to follow it in cases to which it was not applicable, which were in entire accord with the prior decisions. For instance, in *Hazelet v. Holt County,* 51 Neb. 716, the court held that "a county board, in its examination of reports of the county clerk, of fees received by him, and in the adjustment of the account between him and the county, acts ministerially; and if, through fraud or mistake, he is allowed to retain fees which he should not, such adjustment is no defense or bar to an action by the county to recover such fees." This ruling is manifestly required by sections 43 and 44, article 1, chapter 18, Compiled Statutes (Annotated Statutes, 4461, 4462). The court said, *obiter,* however, that if the sums improperly allowed in the adjustment had been presented by way of claims and allowed as such, the allowance would have been conclusive. In *Taylor v. Davey,* 55 Neb. 153, there was a suit to enjoin payment of a claim allowed by the board to an expert for examining the books of a county treasurer. The court held properly that the action of the board was judicial. It cited, however, *Heald v. Polk County* and *Sioux County v. Jameson.*

The opinion in *Heald v. Polk County* does not make it very clear upon what principle the court separated the action of the commissioners into two parts governed by distinct rules, namely, the adjustment of the account, on the one hand, and the allowance of the claims presented in connection therewith on the other. This point was dealt with in *Trites v. Hitchcock County, supra,* in which the court held substantially that when the commissioners act under section 37, article 1, chapter 18, Compiled Statutes (Annotated Statutes, 4455), they act judicially, while when they act under section 43 their action is ministerial only.

It will be remembered that *Heald v. Polk County* and other cases following that decision maintain carefully the distinction between the allowance of claims and the mere adjustment of an officer's accounts and settlement thereof. A third line of cases has sprung up, however, in which this distinction is lost sight of and the action of the board in making a final settlement with an officer is treated as judicial and conclusive, unless reversed upon error or appeal, in all cases. The first case of this character is *Gage County v. Hill*, 52 Neb. 444. In that case the county sued a former clerk for fees retained by him in excess of his legal compensation. He pleaded that during the term of his office he had made "full and complete settlements with the county board of said county while such board was in session, and had fully, completely, accurately and faithfully accounted to the said board for the several sums for which the action was brought; that the amounts ascertained on said settlements to be due from said Hill had been paid by said Hill to the person and officers entitled to receive the same, and that he had, at the termination of his term of office, fully accounted for all sums found by said board to be in his hands, and by said board he had, at the expiration of his said term of office, been discharged for all moneys, fees and warrants received by him during the term of his office." This answer was demurred to and the district court overruled the demurrer. In affirming this judgment the court said that the case was in all respects similar to *Sioux County v. Jameson, supra; Heald v. Polk County, supra,* and *Ragoss v. Cuming County,* 46 Neb. 36. But, if the opinion accurately states the answer, it will be seen that such is not the case. The decision goes much further than any prior holding of the court, since Hill did not plead that claims had been presented and allowed, but simply that his accounts had been examined and adjusted by the board. In *County of Douglas v. Bennett,* 61 Neb. 660, the court expressly put itself upon the ground which is clearly required to sustain *Gage County v. Hill.* In this case the court say:

"Where a full and complete settlement of a county officer with the county commissioners, who are authorized to make the same, has been made, such settlement is final and conclusive, unless there is fraud, mistake or imposition in making the same."

The question was as to the sufficiency of the answer in an action by the county against a former sheriff. The answer, as stated in the opinion, did not allege that any claims had been filed and allowed under said section 37, but merely set up a full accounting, adjustment and settlement. This was held sufficient. It will be seen that while the court in *Gage County v. Hill* and *County of Douglas v. Bennett* did not expressly overrule any of the prior cases, these cases constitute a third line of decision, entirely inconsistent with either of the prior courses of adjudication, and, if adhered to, substantially alter the usual interpretations of sections 43 and 44, article 1, chapter 18, Compiled Statutes (Annotated Statutes,‐ 4461, 4462).

Since the decision in *Heald v. Polk County*, the court has adhered in several cases to the original line of authorities. As recently as *Perkins County v. Keith County*, 58 Neb. 323, the court cites *Kemerer v. State* with approval. In this case, a county had been divided and, in the process of division, a balance was due from one county to the other, which was definitely settled and agreed upon. Of course, it became necessary, before a warrant could be issued, to go through the form of making a claim and allowing it. The court held, however, that there was nothing in such a case upon which the county board of the debtor county could "exercise judgment or discretion," and hence that an original action might be brought in the district court. The court said on page 327:

"No case, we are sure, has gone to the length of holding that a single demand, the amount and validity of which has become unalterably fixed, must be presented to the county board to be audited and allowed."

Nevertheless, the court had been holding for a long

time that if the amount and validity of a claim were fixed absolutely by statute, upon presentation of a claim for a greater amount, the county board had a discretion to allow such greater amount and its action in so doing was judicial. In *Bush v. Johnson County*, 48 Neb. 1, the county brought an action against a former treasurer, and the question involved was whether a settlement between him and the county board was a judicial determination. The court held it was not. Its language in this connection is instructive because *Gage County v. Hill* and *County of Douglas v. Bennett* can not be reconciled therewith. It said:

"These periodical settlements assigned by our statutes to be made with county treasurers do not have the elements in them of a judicial determination of the subjects involved. It would not be contended that if the county commissioners state, as a matter of record, as the result of one of these so-called settlements, that the treasurer was short in his accounts in a stated sum and consequently indebted to the county in such sum, that this would constitute an adjudication of the whole matter, and, unless appealed from, it would be final and binding on the parties, and not open to attack. No more can the result obtained by the examination be said to be binding and conclusive upon the county in regard to the amounts reported on hand by the treasurer being the exact, true amounts, or their payment by the treasurer preclude the institution and successful prosecution of an action for any further sums which he has failed to report or to pay over. It can have no further or greater conclusiveness than any settlement made between private persons."

In *Stenberg v. State*, 48 Neb. 299, 306, the court said:

"A county board has exclusive original jurisdiction to examine and pass upon claims or demands against the county properly cognizable for audit and allowance, and the jurisdiction of the district court, as to such, is appellate merely." In this case there was an application for a writ of mandamus to compel the county commis-

sioners to issue a warrant for payment of a judgment re-
covered against the county. The question was raised
whether this judgment was invalid by reason of not having
been presented to the county commissioners in the first
instance, so that the district court which rendered the
judgment acquired no jurisdiction of the claim. What
the court said in the quotation above noted was not neces-
sary to the determination of the case, but is noteworthy
on account of the use of the words "properly cognizable."

The foregoing review of the authorities would seem
sufficient to demonstrate that this entire subject is in
need of revision. The doctrine of *Gage County v. Hill*
and *County of Douglas v. Bennett* can not be reconciled
with the plain import of said section 44, which contem-
plates that an adjustment or a settlement of accounts
with a county officer shall be simply a basis for the re-
covery at law of any balance which may be found due.
Moreover, those cases are absolutely irreconcilable with
the line of decisions beginning with *Heald v. Polk
County* in which a distinction is made between the allow-
ance of claims under section 37 and the adjustment of ac-
counts under section 43. This distinction is not without
plausibility; but if it is to be maintained it must follow
that in every case in which a claim contractual or *quasi*
contractual is asserted against a county, whether or not
the statute absolutely fixes the course which the commis-
sioners shall follow or the amount which they may allow,
they have a discretion, arising from the mere fact that
a claim is filed, to take such action or make such allow-
ance as they please. The opinion of the court in *Kemerer
v. State* is a complete answer to any such contention, and
we heartily concur in the expression of surprise in the
opinion of SULLIVAN, J., in *Perkins County v. Keith
County, supra,* that any case should be found contending
for such a proposition. *Kemerer v. State* having been ap-
proved and relied upon in *Perkins County v. Keith
County,* the situation is that three different doctrines
upon this subject are to be found in the reports, all of

them sanctioned by recent cases, and one of them, at least, in conflict with the statutes.

Under such circumstances we think the question may fairly be treated as *res nova,* and, looking at it in that way, we have no doubt that the doctrine of the older cases should be preferred and ought to be finally adhered to.

When the law commits to an officer the duty of looking into facts and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial, the function is *quasi* judicial. *State v. Hastings,* 37 Neb. 96, 117. This we think is the true criterion. It is not the form of the action taken by the commissioners, but the nature and character of the action itself, by which we are to judge whether it is ministerial or *quasi* judicial. County commissioners act *quasi* judicially in passing upon claims against the county whenever their action is not merely a formal prerequisite to the issuance of a warrant but involves the determination of questions of fact upon evidence, as in *Richardson County v. Hull,* 24 Neb. 536, or the exercise of discretion in ascertaining or fixing the amount to be allowed, as in *Ragoss v. Cuming County,* 36 Neb. 375. But they have no judicial power or discretion as to interpretation of the law. If this power is to be conceded to county commissioners, it follows that their action in such matters can not be controlled by a writ of mandamus, and that, however absurd or erroneous the construction which they put upon the statutes, the sole remedy is by petition in error in the district court. Whenever the course to be pursued or the amount to be allowed is fixed by law, they must follow the law, and their acts in so doing or endeavoring so to do are ministerial only no matter what form such acts may take. So far as *Heald v. Polk County* held that the action of county commissioners in adjusting the accounts of county officers under sections 43 and 44, article 1, chapter 18, Compiled Statutes (Annotated Statutes, 4461, 4462), is ministerial only, that decision is not only in accord with the prior cases but is absolutely required by the terms of the statute. This

holding was expressly approved and repeated in *Bush v. Johnson County*, 48 Neb. 1, and *Hazelet v. Holt County*, 51 Neb. 716. The two subsequent cases of *Gage County v. Hill* and *County of Douglas v. Bennett*, if, as appears on their face, they are in conflict therewith, should be disapproved. But what can it matter that such a settlement or adjustment may involve the formality of a claim against the county, in order to permit a warrant to issue for the sum which may be found due the officer in the course thereof? If the allowance of a claim in such a case requires no facts to be ascertained upon evidence and involves no discretion whatever, how can the case differ from *Perkins County v. Keith County*, or fail to be governed by the very apt remark of SULLIVAN, J., in that case at page 327:

"When the amount of the defendant's liability was settled by contract, there remained nothing in regard to the matter upon which its commissioners could exercise discretion. There was nothing to examine and adjust or audit and allow. It would be a work of supererogation for the commissioners to examine and allow a claim which, under the authority of the statute, they had already fully examined and legally allowed."

In other words, the only substantial function of a claim in such cases is to serve as the formal basis for the issuance of a warrant. Hence it would seem clear that a settlement with a county officer which, in substance, is an adjustment of his accounts, does not become *quasi* judicial, so as not to be reviewable otherwise than by appeal, because claims were filed for sums claimed to be due such officer and allowed for the purpose of enabling warrants to be drawn therefor. If, in such case, the compensation to be allowed the officer is fixed by law, the allowance of the claim is formal only. On the other hand, if the amount to be allowed is in the discretion of the board, or if, in fixing such amount, the law requires the commissioners to decide questions of fact, their action is *quasi* judicial.

If the foregoing are the correct principles by which this cause is to be determined, it follows that so far as the claims for services as clerk of the county board are concerned, the judgment of the district court is erroneous, while with respect to the claims for canvassing election returns it is correct. Section 14, chapter 28, Compiled Statutes (Annotated Statutes, 9040), provides that the county clerk shall be allowed, for performing the duties of clerk of the county commissioners and attending to the business of the county, such salary per annum, to be paid upon account quarterly, as the county commissioners may allow, not exceeding $400 per year. The amount of compensation, not exceeding $400, is left to the county board. A claim for services of this character is in the nature of a *quantum meruit.* In order to fix the proper amount, the board must determine, as a matter of fact, what services were rendered and what they were worth. On the other hand, the statute fixes absolutely and arbitrarily the amount which shall be allowed for canvassing election returns. Section 24, chapter 28, Compiled Statutes (Annotated Statutes, 9065.) In this matter, therefore, the board have no discretion and their action is purely ministerial. The judgment of the district court, so far as it permits recovery notwithstanding the allowance of claims for canvassing election returns, is correct; but it can not be sustained so far as it allows recovery of the moneys allowed to the clerk upon his claims for services as clerk to the county board.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded.

REVERSED.

The following opinion on rehearing was filed February

17, 1904.  *Former judgment vacated.  Judgment of district court affirmed:*

1. **County Clerk: SALARY: FEES.**  The salary allowed a county clerk for services as clerk of the county board must be accounted for as fees of his office.
2. ——: ——: ——.  The county board acts judicially in fixing the amount of the salary of the clerk when acting as clerk of the board, but when such fees have been allowed, as such, and paid to the clerk, if the total amount of his fees for the year, including the fees so allowed, is more than the limit of his annual salary as fixed by statute, he is liable to the county for the excess.·

SEDGWICK, J.

Upon reargument of this case, we find that the conclusion reached by the commissioner upon the first hearing, *ante,* p. 779, is wrong.  We have no doubt that the correct rule, by which to determine whether the action of the county board, in any given case, is ministerial or judicial, is announced in the opinion referred to.  We are entirely satisfied with the reasoning of the commissioner, from which he derives his conclusion upon that point.  We are equally well satisfied that, in the determination of this case, material facts disclosed by the record have been overlooked.

There is no doubt that the county board, in fixing the amount to be allowed to the county clerk as compensation for his services as clerk of the board, acts judicially, but when the board has so acted, and the compensation has been so fixed, it is paid to the clerk as fees of his office; and as such must be accounted for as other fees. *State v. Silver,* 9 Neb. 85, *State v. Russell,* 51 Neb. 774; *Hayes County v. Christner,* 61 Neb. 272; *Holcombe v. Dawson County,* 1 Neb. (Unof.) 743.  In this case, the fees received by the clerk, including the fee of $400 for each year allowed by the county board for his fees as clerk of the board, exceed the amount that he was entitled by law to retain, as found by the trial court.

It is suggested that, since the county board acted judicially in fixing these fees of the clerk, it must be held

that the board allowed him the amount which he has retained, as compensation for his services as clerk of the board. The record contradicts any such theory. At the end of each quarter during the years 1898 and 1899, the board fixed the amount of compensation of the clerk at $100 for the preceding quarter, and he received the $100 then accordingly. The clerk neglected to enter these fees upon his book until after his term of office had expired, when, in the year 1900, he appears to have made the entry, but the action of the board was plain and specific in allowing him $100 for each quarter for his services.

The judgment of the district court is therefore right; the former judgment of this court is vacated, and the judgment of the district court

AFFIRMED.