LINCOLN TOWNSHIP, APPELLANT, v. KEARNEY COUNTY, APPELLEE.

FILED JUNE 7, 1907.    No. 14,854.

1. County Commissioners: DISALLOWANCE OF CLAIMS. Action of the board of county supervisors in disallowing a claim against the county is final, unless appealed from.

2. ———: ———: NOTICE. The action of the board of county supervisors in disallowing a claim of a township is not affected by the fact that the notice of such disallowance was mailed to a person who was an officer of the township at the time of the filing of the claim, but who had resigned his office, when the written notice was delivered by such ex-official to his successor in office within five days from the order of disallowance.

APPEAL from the district court for Kearney county: ED L. ADAMS, JUDGE. Affirmed.

Joel Hull, for appellant.

L. C. Paulson and C. P. Anderbery, contra.

GOOD, C.

In October, 1904, Earl Watkins became ill with typhoid fever in Lincoln township, Kearney county, Nebraska. For about five months previous thereto he had worked as a farm hand and in other capacities in different parts of Kearney county. He was a minor about 18 years of

age, and had neither parents nor relatives in Nebraska so
far as known. At the time he became ill he had no prop-
erty or means of support. L. R. Brown, justice of the
peace, *ex officio* overseer of the poor and chairman of the
town board of Lincoln township, upon being notified of
Watkins' illness and his need of care and attention, caused
Watkins to be taken to a boarding house, and procured
medical services and nursing until Watkins recovered.
The bills for the boarding, nursing and medical attend-
ance were presented to and allowed by the town board of
Lincoln township, amounting to about $78. The town
board directed its chairman and overseer of the poor, L.
R. Brown, to file a claim against the county to reimburse
the township for the expenditures so incurred. On the
3d day of January, 1905, Brown verified the claim in favor
of Lincoln township against Kearney county and filed
the same with the county clerk of said county, and on the
same day, being about to remove his residence from Lin-
coln township, also filed his resignation as justice of the
peace and *ex officio* overseer of the poor and member of
the town board with said board, which resignation was
then and there accepted. One Larson was appointed as
his successor in office, took the oath and filed his bond
with the county clerk of Kearney county on the 12th day
of January, 1905, which bond was approved by the board
of supervisors on the 21st day of February following. On
the 21st day of February, 1905, the board of supervisors
of Kearney county passed upon the claim of Lincoln
township and rejected the same. On the day following
the county clerk mailed a notice, addressed to L. R.
Brown, giving notice that the claim of Lincoln township
was rejected by the county board at its meeting held on
the 21st day of February, 1905. It should be borne in
mind that at this time Brown had ceased to be an officer
of Lincoln township. The evidence shows that, within
two or three days after the notice was mailed, Brown re-
ceived the same through the post office. His successor in
office, Larson, being at the time in the post office, Brown

turned the notice over to him. Lincoln township did not appeal from the judgment of the board of supervisors disallowing its claim, but some months later filed another claim, covering the same items of expenditure, and differing from the first claim only in the fact that it made the items more explicit and set them out in greater detail. In due time this claim was brought to the attention of the board of supervisors and was disallowed, for the reason that it represented the same items of expenditure which had been previously passed upon and rejected. From the order disallowing this claim Lincoln township appealed to the district court for Kearney county. The plaintiff filed its petition in the district court, setting up all the facts in great detail. The defendant county answered, admitting the corporate existence of each of the parties, pleaded the former adjudication of the county board, and denied all the other allegations of the petition. A jury was waived and trial had to the court, with findings and judgment for the defendant. Plaintiff brings the case to this court on appeal to review this judgment.

This court has held repeatedly that the county board in passing upon such claims against the county acts judicially, and its findings have the same force and effect as a judgment, and are final unless appealed from. *Taylor v. Davey,* 55 Neb. 153; *Dixon County v. Barnes,* 13 Neb. 294; *Sioux County v. Jameson,* 43 Neb. 265; *State v. Merrell,* 43 Neb. 575; *Cuming County v. Thiele,* 48 Neb. 888. Appellant contends, however, that the action of the county board in rejecting its claim on the 21st day of February, 1905, was nugatory and not binding upon appellant, for the reason that appellant was not notified of the order of the board in rejecting its claim. We should be very glad if we could conscientiously adopt this view, for the reason that it appears from the record that the claim of Lincoln township against Kearney county was just and meritorious, and we regret that there is a stumbling block that prevents the township from being reimbursed for its expenditures incurred in its commendable

and praiseworthy efforts to care for and help the needy within its jurisdiction. But, however much we should like to see plaintiff recover upon its just claim, courts are bound to interpret and follow the law as they find it. By section 4455, Ann. St., it is provided that "upon the disallowance of any claim, it shall be the duty of the county clerk to notify the claimant, his agent or attorney, in writing, of the fact, within five days after such disallowance. Notice mailed within said time shall be deemed sufficient." By this section the claimant is allowed twenty days from the order of disallowance in which to appeal. The object of the law in providing for notice to the claimant is that he may be informed of such disallowance, so that he may, if he feel aggrieved, appeal to the district court within the statutory time. In this case the notice was originally sent to L. R. Brown, who was an officer at the time of the filing of the claim; and, while he had ceased to be such officer at the time of the notice, yet the fact that the notice was delivered to the officer who succeeded Brown within the five days after the disallowance of the claim informed the plaintiff of the action of the county board. It then had knowledge of the disallowance of its claim, and had the opportunity to appeal from the order of disallowance; but, instead of exercising that statutory right, it neglected to do so until it had lost its right of appeal and the order of disallowance had become final. Plaintiff's right having been determined and adjudicated, it could not thereafter gain any rights by re-filing its claim.

From what has been said, it follows that the judgment of the district court is right and should be affirmed, which we accordingly recommend.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.