### BARNES v. MARION COUNTY.

1. **Sheriff:** FEES: MILEAGE. A sheriff is not entitled to constructive mileage for bringing prisoners and witnesses from the penitentiary to attend a trial, and where several are brought at once, or can properly be so brought, mileage for only one trip can be charged therefor.

2. ———: ———: AUDITING AND ALLOWANCE. Where the venue of a criminal case was changed and the sheriff of the county where it was tried presented his bill for services rendered in the case to the successor of the trial judge, who made his indorsement thereon, finding it to be just and correct, and recommending its allowance, it was held that such indorsement did not constitute the auditing and allowance by the court contemplated by section 4381 of the Code, and would not be binding upon the county to which it was presented for payment.

*Appeal from Jasper District Court.*

WEDNESDAY, OCTOBER 6.

THE plaintiff was sheriff of Warren county.    One John W. Brannon was indicted for a crime by the grand jury of Marion county, and the venue of the cause was changed to Warren county.    Brannon had before that been convicted of another crime, and was in confinement in the penitentiary at Fort Madison.    Two other parties were also imprisoned at the same place who were witnesses, one for the State and one for said Brannon.    The cause against said Brannon came on for trial at the August term, 1878, of the Warren District Court. Some days before the trial commenced the judge of said court issued three separate orders directing the plaintiff to proceed

to Fort Madison, and receive the custody of said Brannon and said witnesses, and take them to Warren county to be present at the trial of Brannon, and afterward return them to the penitentiary. One of said orders was made August 8, 1878, and the others August 15, 1878. But the plaintiff " was directed by the attorneys of both parties not to serve the said orders until just in time to have them at Indianola at the time said cause was set for trial, to-wit: August 21, 1878, and that said sheriff started for the said parties named in each of said orders on August 19, 1878." He made but one round trip for all of said parties, and one trip in returning them to the penitentiary. The plaintiff made up an account against Marion county for the services thus rendered, in which he charged not only for the miles actually traveled in performing the service, but for three times the number of miles. He presented the account to the Judge of the District Court of Warren county, who was the successor in office of the Judge who made the orders and held the term of court in August, 1878, and said Judge examined the same and made his indorsement thereon, finding it to be correct and just, and recommending the allowance of the same. The plaintiff thereupon presented the account to the board of supervisors of Marion county, and all of said account including guards, dieting the prisoners, and their railroad fare, etc., and mileage to the sheriff for the actual travel, was allowed. The extra mileage was not allowed. This action was brought to recover the amount of mileage which the board of supervisors refused to allow. The venue was changed to Jasper county, and upon a trial to the court it was determined the plaintiff was not entitled to recover, and he appeals.

*Henderson & Berry*, for appellant.

*Anderson & Briggs*, for appellee.

ROTHROCK, J.—I. We think the plaintiff was entitled to mileage for the actual travel, and no more. The orders for

the removal of the three prisoners from Fort Madison to Indianola might well have been included in one order. That it was understood it was to be done at one trip is evident from the fact that the attorneys for the State and Brannon directed that the parties be brought just in time for the trial. Even if such direction had not been given, the plaintiff would not have been justified in making three trips, and charging mileage and all of the incidental expenses for each journey, when one was all that was required. This is a special service, unlike the service of ordinary subpœnas and warrants. The orders requiring the delivery of the prisoners to the sheriff were the only processes which were effectual in the case; they were all for the same purpose, that is to convey the prisoners to the court and back again, and the allowance of mileage for more than one journey would be allowing constructive fees not authorized by law.

*1. SHERIFF: fees: mileage.*

II. The plaintiff's account accrued in August, 1878. On the 14th day of January, 1879, he presented his account to the then Judge of the Warren District Court, who found it to be correct, and recommended the allowance of the same. Section 4381 of the Code provides that the county from which the change of venue is taken shall pay all the expenses of removing, delivery and keeping the defendant, and all other expenses necessary and consequent upon such change of venue, and the trial of such defendant, "which shall be audited and allowed by the court trying the case." It is claimed that the indorsement made by the judge upon plaintiff's account is an adjudication of it.

*2. ——: ——: auditing and allowance.*

Conceding that the auditing and allowance provided for by statute is conclusive (a point, however, which we need not determine), yet the indorsement made by a judge, and not purporting to be the act of the court, and merely recommending that the account be allowed, is neither an auditing nor an allowance.

AFFIRMED.