STATE OF NEBRASKA, EX REL. J. S. GRABLE, TREASURER OF THE CITY OF BEATRICE, v. E. J. RODERICK, COUNTY TREASURER OF GAGE COUNTY.

1. **County Treasurer:** FEES. The compensation of county treasurers, for moneys collected by them, is fixed by section 20 of chapter 28 of the Compiled Statutes, and cannot exceed ten per cent on the first $3,000; four per cent on all sums over $3,000 and under $5,000 ; and two per cent on all sums over $5,000 (school moneys excluded); and in computing the amount collected, for the purpose of charging percentage, all sums, from whatever funds derived, shall be included together (except the school fund), the fees to be charged to the different funds *pro rata*, and be allowed but once.

2. ———: ———: POWER OF COUNTY BOARD. Where the compensation for services rendered by a county officer in his official capacity is definitely fixed by law, the auditing of the same by the county board is a ministerial duty, unattended with the exercise of any judicial discretion, and therefore, in such case, the board cannot make such compensation any greater nor any less than that fixed by the law.

ORIGINAL application for mandamus.

*L. M. Pemberton*, for relator.

*R. S. Bibb* and *L. W. Colby*, for respondent.

REESE, CH. J.

This is a proceeding by mandamus, to compel the defendant to pay to the relator certain money in his hands alleged to be due the city of Beatrice. The action was instituted in this court on the 14th day of February, 1888, when the defendant demurred to the petition, on the ground that the facts stated therein were not sufficient to entitle the relator to the relief prayed. The demurrer was overruled. The decision is reported in the 23d Neb., page 505. As the averments of the petition are fully stated in the opinion written by Judge MAXWELL, they need not be restated here.

Upon the demurrer being overruled, the defendant filed his answer, in which he admitted the official character of both plaintiff and defendant, and the collection of taxes and retention of fees as alleged in the petition. All other allegations of the petition are denied.

It is alleged affirmatively that the defendant's term of office commenced on the 5th day of January, 1888, and that prior to said time he had served as the incumbent of said office, for the term commencing the 7th day of January, 1886, and terminating on the 4th day of January, 1888; that during his former term of office he had made a complete settlement with the county board, and had duly filed with the county clerk statements showing the amount of moneys collected, and from what sources derived, and amount paid and for what purposes, together with the vouchers for the same, and the amount of money on hand belonging to the several funds, and had duly accounted for all funds received and retained. It is further shown by the answer that, during the whole of the time that he had held the office of county treasurer, he had made settlements with the county board, and that all fees retained by him were allowed by them in such settlements.

The cause was then referred to George G. Hill, for the

purpose of taking testimony and reporting his conclusions of fact. By his report, and the testimony accompanying it, it appears that the defendant "kept and retained the money in controversy, as fees for collecting the city taxes of the city of Beatrice, for the years 1886 and 1887, and entered the same on his ledger and fee book, and reported the same to the board of supervisors of Gage county, who allowed them to him as a part of the fees of his office as county treasurer, and that the total fees received by the said defendant as county treasurer have not in any year amounted to as much as he could have kept under the law had the collections been greater than they were." The fact of the retention of the money in controversy is admitted by the answer, and, therefore, the only question presented here for decision is as to what fees are allowed the county treasurer for the collection of the revenues of the county, and municipal corporations therein, aside from the school moneys received by him.

This question involves the consideration of section 20 of chapter 28, Compiled Statutes of 1887, entitled fees. This section is as follows: "Each county treasurer shall receive for his services the following fees: On all moneys collected by him for each fiscal year, under $3,000, ten per cent. For all sums over $3,000 and under $5,000, four per cent. On all sums over $5,000, two per cent. On all sums collected percentage shall be allowed but once; and in computing the amount collected, for the purpose of charging percentage, all sums, from whatever fund derived, shall be included together, except the school fund. For going to the seat of government to settle with the state treasurer, and returning therefrom, a traveling fee of ten cents per mile, to be paid out of the state treasury. For advertising and selling lands for delinquent tax, an additional fee of five per cent, to be collected only in case such lands are actually sold, and then in cash of the person buying the same; but for all other

cases and services the treasurer shall be paid in the same *pro rata* from the respective fees collected by him, whether the same be in money, state or county warrants. On school moneys by him collected he shall receive a commission of but one per cent. And in all cases where persons outside the state apply to the treasurer by letter to pay taxes, the treasurer is authorized to charge a fee of one dollar for each tax receipt by him sent to such person."

No construction of this section is needed; the language is plain, direct, and unambiguous. On all moneys collected by him for each fiscal year, under $3,000, ten per cent; for all sums over $3,000 and under $5,000, four per cent, and all sums over $5,000, two per cent. On all sums collected percentage shall be allowed but once; and in computing the amount collected, for the purpose of charging percentage, all sums, from whatever fund derived, shall be included together, except the school fund.

It is shown by the pleadings that defendant collected in 1886 from all sources, exclusive of the school fund, $148,475.94. For this he was entitled to receive fees as follows: On the first $3,000, ten per cent, $300; on the next $2,000, four per cent, $80; on the remaining $143,475.94, two per cent, $2,869.52; making a total of $3,249.52 to be allowed to him as fees. For the year 1887 the amount collected, exclusive of school funds, amounted to $148,329.50. The fees for collecting this would be, on the first $3,000, ten per cent, $300; on the next $2,000, four per cent, $80; on the remaining $143,329.50, two per cent, $2,866.59; making the total fee $3,256.59. Applying the statutory *pro rata* rule to the collections for 1886, the defendant was entitled to the sum of $219.80, as fees for the collection of the $10,045 of city taxes collected by him. For the year 1887 he collected $14,914.24. The proportion of fees to be deducted from this would be $426.37, as due him for making this collection, making a total of $646.17.

The answer admits the collection of $10,044.77 for the year 1886, and the retention of $1,004.47 as fees; and for the year 1887 the collection of $14,914.24 city taxes, and the retention of $619.76 as fees, making the total amount of fees $1,623.76. Taking from this $644.17, to which he would be entitled, leaves a balance of $979.59 due the city.

This computation is based upon the provision of the statute requiring that all sums, from whatever fund derived, shall be included together, except the school fund, which is not included in this computation.

The provision of the law, to the effect that no one fund shall be depleted by the payment of more than its *pro rata* proportion, is evidently for the purpose of preventing such depletion, by withdrawing therefrom more than such proportion, for the purpose of paying the amount due the treasurer; therefore, the city fund cannot be required to pay more than its just proportion. The fact that the amount was reported to the county board, and allowed by them, as reported by the referee, would make no difference, for the reason that the compensation is fixed by law, and the county has no jurisdiction or authority to increase such compensation. Where the fees are fixed by statute, the county board act ministerially, and not judicially, in allowing and paying such fees, and the allowance of any amount, in excess of that fixed by law, is simply void. *Kemerer v. State,* 7 Neb., 130.

Defendant will, therefore, be required to pay to the treasurer of the city of Beatrice the sum of $979.59 within thirty days, or in default thereof a peremptory writ of mandamus will issue.

JUDGMENT ACCORDINGLY.