## COUNTY OF LOGAN V. JESSE B. DOAN.

[FILED MARCH 2, 1892.]

1. **Sheriff:** SERVING ELECTION NOTICES: FEES. The only compensation for serving election notices, to which a sheriff is entitled, is five cents a mile for each mile actually and necessarily traveled.

2. ———: ———: ———. Where a sheriff at the same time and places posts notices of two elections, he is only entitled to mileage for one trip.

ERROR to the district court for Logan county. Tried below before CHURCH, J.

*C. D. Shrader*, and *Grimes & Wilcox*, for plaintiff in error, cited cases referred to in opinion.

*Morrison & Sawyer, contra*, cited: *Kountze v. Train*, 4 Neb., 292.

NORVAL, J.

The defendant in error, as sheriff of Logan county, presented to the county board of said county for audit and allowance, the following account, duly verified:

"GANDY, NEB., Oct. 14, 1889.
"THE COUNTY OF LOGAN,
"In account with JESSE B. DOAN, Sheriff.
1889.
·Oct. 14. To posting special election notices, 391
         miles at 5 cents .........................$19 75
         To 9½ days at $3.00........................ 28 50

                              $48 25"

The county board disallowed said account, and an appeal was taken to the district court, where the defendant in error filed a petition.

The county filed an answer admitting the rendering of the services claimed, and alleging as a defense "that at the same time plaintiff posted the said notices of special election, he posted at the same places and on the same trip notices for a general election to be held on the same day and at the same places in said county as said special election; that defendant has paid plaintiff for the posting, mileage, and per diem in the giving of the notices of said general election, and that there was no liability on the part of the defendant to the plaintiff for posting the notices for said special election."

To the answer the plaintiff filed a general demurrer, which was sustained by the court and judgment was rendered in favor of the plaintiff for $48.25.

By section 13, chapter 26, Compiled Statutes, it is made the duty of the sheriff to whom election notices are delivered to post up, in three of the most public places in each precinct, township, or ward, three notices thereof at least ten days before the time of holding any election. After diligent search we are unable to find any provision of statute which authorizes a sheriff to charge a per diem for posting election notices, and none has been cited by counsel.

By section 5, chapter 28, Compiled Statutes, a sheriff is entitled for traveling expenses "for each mile actually and and necessarily traveled, five cents." The only compensation to which such officer is entitled for posting notices of election is the mileage allowed by said section 5. A sheriff must discharge the duties of his office for the fees and compensation fixed by law, and he cannot recover a greater sum, nor has the county board the power to allow a public officer a compensation in excess of that allowed by statute, nor where none is authorized. (*Kemerer v. State*, 7 Neb., 130; *State v. Silver*, 9 Id., 85; *Bayha v. Webster Co.*, 18 Id., 131; *State v. Roderick*, 25 Id., 629.)

It follows that the defendant in error cannot recover the per diem charge in his account.

It is averred in the answer, and by the demurrer admitted, that at the same time and places the defendant in error posted notices of two elections, and that he has been paid for mileage and per diem for posting the notices of one of said elections. Is he entitled to mileage for posting both sets of notices, when the services were rendered at one trip? We are of the opinion the answer must be in the negative. Under the section of the statute above referred to, a sheriff is entitled to five cents a mile for each mile actually and necessarily traveled, and no more. He has already received mileage for one journey, and to allow him again for the same trip would be double compensation, which is unauthorized.

In *B. & M. R. Co. v. Beebe*, 14 Neb., 473, a number of persons attended upon the district court as witnesses, in two cases therein pending, in favor of different plaintiffs and against the same defendant. Each witness was allowed by the district court full fees as per diem and mileage in each case. A motion to retax the costs was overruled by the trial court. On error to this court it was held that there should have been a retaxation of the costs, and the same duly apportioned between the two cases in which the witness had attended.

In *Redfield v. Shelby Co.*, 64 Ia., 11, seven subpœnas were issued for the same witness in each of as many state cases, and placed in the hands of the sheriff for service. They were all served by making one trip, but the officer charged mileage on each subpœna. The county board having allowed mileage only for one trip, an appeal was taken to the district court, where judgment was rendered against the plaintiff for costs. On appeal to the supreme court it was held, under a provision of statute similar to our own, that "mileage allowed for service of several subpœnas must be calculated as one trip, where one trip was actually sufficient for the services of all." (See *Barnes v. Marion Co.*, 54 Ia., 482; *State v. Hunter*, 33 Id., 361; *Bringolf v. Polk Co.*, 41 Id., 554; *Massing v. State*, 14 Wis., 544.)

It follows that the answer stated a complete defense to the plaintiff's cause of action, and the demurrer thereto should have been overruled. The judgment is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.