## Otoe County v. Charles Dorman et al.

### Filed March 17, 1904.   No. 13,445.

1. Counties: Action: Demurrer. A demurrer is not the proper pleading by which to raise a question as to whether or not an action in the county's name by the county attorney was sufficiently authorized.

2. Cause of Action. A single transaction, causing a single item of damage, constitutes a single cause of action.

3. County Commissioners: Fraud: Neglect: Action. The fact that the county commissioners have made a settlement with the treasurer, by which he is allowed to retain fees in excess of the statutory limit, does not, of itself, render the county commissioners liable for the excess of fees retained by the treasurer with their consent. A fraudulent participation on their part, with corrupt knowledge, of a wrong to the county, or else a change of situation owing to their negligence in failing to bring an action against him, which would prevent a recovery from the treasurer, would be necessary.

Error to the district court for Otoe county: Lee S. Estelle, Judge. *Affirmed.*

*A. A. Bischof* and *W. H. Pitzer,* for plaintiff in error.

*John C. Watson* and *W. F. Moran, contra.*

Hastings, C.

In this case, the county of Otoe sued the members of the board of commissioners for the year 1902, to recover $1,000 which it is alleged the commissioners, acting as a board, "wrongfully, unlawfully and negligently" allowed the county treasurer to retain. It is alleged that the law only permitted the retention by the county treasurer of $3,400 as fees, and he was allowed to keep $4,400. It is alleged that the county was damaged to the extent of that $1,000. To this petition demurrers were interposed by each of the three defendants to the action: (1) That the court had no jurisdiction of the defendants' persons; (2) Had no jurisdiction of the subject of the action; (3) Plaintiff

had no legal capacity to sue; (4) A defect of parties plaintiff; (5) Several causes of action improperly joined; (6) That the petition does not state facts sufficient to constitute a cause. of action. The demurrers were sustained, and judgment of dismissal entered. From this judgment the county brings error; the error complained of being the sustaining of the demurrers.

The first four grounds of the demurrers are all based on the proposition that there is no allegation in the petition of any authorization of the action by the county commissioners. We are not cited to any authority for the proposition that an action on behalf of a municipality must be expressly alleged to have been authorized by the officers who have its matters in charge. It is not claimed that the attorneys who appear for the county are not members of the bar of Otoe county, and the rule is, that the appearance of a qualified attorney on behalf of a party competent to sue carries with it the presumption that he is authorized, until the contrary appears. *Vorce v. Page,* 28 Neb. 294. It does not seem that a demurrer on the first four grounds set up in this case, raises a question as to the authority of the county attorney and his co-counsel to bring the county into this action. That the county may sue, .and may. be .sued, the statute provides. Compiled Statutes, chapter 18, article I, section 20 (Annotated Statutes, 4438).

The fifth ground, that there is an improper joinder of causes of action, is not applicable to this petition. The only wrong alleged is the wrongful, unlawful and negligent allowing of the treasurer to retain this money, and its allowance is alleged as a single act.

It remains therefore to consider the sixth ground, whether there is a cause of action alleged, whether the allowing of the $4,400, admitting that it was unlawful, wrongful and negligent, authorizes a recovery of the $1,000, or of any sum, against the defendants. It is urged in support of such a recovery: (1) That the action of the county board in settling the accounts of the county treasurer was

ministerial. This may be granted. (2) That the county board had no authority to allow more than the amount fixed by statute. This may also be granted. (3) That it is the duty of the county board to require payment into the county treasury of all fees earned in excess of his salary by the treasurer. This contention may be allowed also. The statutes certainly require the county board to adjust the treasurer's accounts, and authorize the proper action to recover any balance. Doubtless, these commissioners, if they refused to bring an action against the treasurer, or to authorize one, could be compelled to do so on a proper showing. (4) That the defendants are liable for all losses resulting from their action. As thus broadly stated it is not true. Great loss may result to the county from action of the board of county commissioners, for which they would not be liable at all. It might be granted that, if damage resulted to the county from their illegal or unauthorized action, they would be liable to it, but are they, because of a void order that he need not pay, liable for the loss of $1,000 in the county treasurer's hands which he has never paid in? It seems clear that something more than this is required. It seems clear that their action has not in any way prejudiced the right of the county to recover this money, or done away with the treasurer's duty to pay it over. It would seem that there should have been, at least, a demand for an action to collect it from the treasurer, and a refusal to bring one, before any liability for the $1,000 could accrue against the commissioners. Plaintiff's cause of action is simply that the commissioners, acting as a board, attempted to sanction the retention of this money by the treasurer. If such sanction is, as plaintiff claims, totally void, it has given no additional authority on the treasurer's part to hold the money; the fund is just as much the county's as it was before, and it has remained in the same hands.

It is to be said also that an action will not lie against a public officer, except for intentional wrongs or negligence

amounting to such a wrong, or a failure to perform something which is explicitly required of him by law. What is required of these commissioners is that they shall, at the proper time and in the proper way, cause an action to be brought against a defaulting treasurer. There is nothing in the statutes making them liable for failure to get the money out of him. It would seem clear that to warrant a recovery from these commissioners of this money, it must appear that they fraudulently and corruptly, by their official action, prevented the payment of it by the treasurer to the county's loss, not that they had merely wrongfully, unlawfully and negligently, but in good faith, sanctioned his retaining it. It does not seem possible to find that there is set forth in this petition a sufficient cause of action against the commissioners.

It is recommended that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.