JANE C. SIMMONS, APPELLANT, V. LURINDA KELSEY ET AL., APPELLEES.

FILED OCTOBER 20, 1904.   No. 13,626.

Abatement.   Section 45 of the code expressly enacts that an action shall not abate by reason of the disability of a party happening during its pendency.   In such cases a duty devolves upon the court to take such steps as shall become necessary to protect and preserve the rights of the incapacitated party.

APPEAL from the district court for Johnson county: JOHN S. STULL, JUDGE.   *Reversed.*

*S. P. Davidson,* for appellant.

*E. B. Quackenbush, Ed M. Tracy, Hugh La Master* and *J. C. Moore,* contra.

AMES, C.

The plaintiff, a woman nearly 80 years old, entered into a written agreement with the defendants, her heirs at law, for the immediate distribution of her estate among them. There was no consideration moving to her, and she was admittedly lacking in full contractual capacity, and there is evidence that she yielded to united and persistent importunity by the heirs.   All parties are agreed that for one reason or another the agreement was and is wholly void, but it has been in large part carried into execution.   The object of this action is to procure its cancelation, in so far as it remains unexecuted, and to obtain and retain for the plaintiff undisputed possession and enjoyment of the undistributed portion of her estate.

The defendants, among other defenses, pleaded in abatement that the plaintiff was of insufficient mental capacity to manage or control her own affairs or to begin and prosecute the action, and all parties pleaded her incapacity to make the alleged contract in controversy.   The court by final decree found that the plaintiff "is and was for a

long time prior to the commencement of this action an incompetent person, and at the time of the commencement of this action was incapable and incompetent to have charge, direction and management of her own property and business." Just what was meant by this finding is difficult to be understood. It was not followed by its logical consequence, the abatement of the action or an order suspending proceedings to await the appointment and appearance of a guardian, but was succeeded by a general finding in favor of all the defendants, except as to a particular tract of land which had been conveyed to one of them, and concerning which no specific adjudication was made, and by a decree dismissing the action generally, not without prejudice but as upon its merits, thus in practical effect affirming a transaction which, as we have said, all the parties united in denouncing as void. The plaintiff appealed, and a reversal of the judgment appears to us to be a matter of course. Whatever may have been the mental capacity of the plaintiff at the time she signed the agreement, there can be no doubt that that document was void for want of consideration and because it was extorted by means of undue influence amounting to a kind of duress *per minas*. If she subsequently became demented, as the court perhaps intended to find, that fact did not justify the remaining findings or the decree. Mental imbecility is not a ground for the judicial forfeiture of the rights or estate of a person afflicted thereby. But such examination of the record, which is quite voluminous, as we have been able to make, convinces us that the plaintiff was, at the beginning of the action and at the time of the trial, of sufficient understanding to decide rationally upon taking that step and upon prosecuting the suit with a view to preserving to herself sufficient of her property for her maintenance during the remainder of her life. Section 45 of the code expressly enacts that an action shall not abate by reason of the disability of a party happening during its pendency. If before the termination of the litigation she shall become incapaci-

tated, a duty will devolve upon the court, as the general conservator of the estates of all persons under disabilities, to see to it that her rights and estate are protected and preserved, either by a general guardian or by a next friend or guardian *ad litem* appointed by the court for the purposes of the action.

The situation of the parties and of the property in dispute is such that a final disposition of the cause cannot conveniently be made by this court, and it is recommended that the judgment of the district court be reversed and the suit remanded for further proceedings in accordance with law.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the suit remanded for further proceedings in accordance with law.

REVERSED.