JANE C. SIMMONS, APPELLEE, V. LURINDA KELSEY ET AL., APPELLANTS.

FILED MARCH 8, 1906.   No. 14,487.

1. **Pleading:** MOTION TO STRIKE: HARMLESS ERROR. A plea in abatement was stricken on plaintiff's motion. The defendants then incorporated the same matter, with a plea to the merits, in the answer and fully litigated such matter. *Held*, That they were not prejudiced by the ruling on the motion to strike.

2. **Mental Capacity:** EXPERT TESTIMONY. Where the mental capacity of the plaintiff to maintain the suit is in issue, her disposition, aside from the question of her mental integrity, is not involved, and is not a subject of expert investigation.

3. ——. Where the plaintiff reasonably understands the nature and purpose of her suit, the effect of her acts with reference thereto, and has the will to decide for herself whether it shall be brought and prosecuted, she has sufficient mental capacity to maintain it.

4. **Contracts:** CONSIDERATION. The dismissal, by a child, of proceedings instituted by her for the appointment of a guardian for her mother on the ground of the incompetency of the latter, is not a valid consideration for a promise made by the mother to such child.

5. **Public Policy** will not permit one who institutes such proceedings to make the prosecution or the abandonment thereof a source of profit to herself.

6. **Contracts:** UNDUE INFLUENCE. Evidence examined, and *held* sufficient to sustain a finding that plaintiff's assent to a contract was obtained by undue means and without consideration.

APPEAL from the district court for Johnson county: ALBERT H. BABCOCK, JUDGE. *Affirmed.*

Simmons v. Kelsey.

*E. B. Quackenbush* and *E. M. Tracy,* for appellants.

*S. P. Davidson, contra.*

ALBERT, C.

The plaintiff is a woman about 80 years old. She inherited about $25,000 from a brother who died in the state of Illinois, of which amount about $18,000 was ready for distribution and was to be paid over to her on or before January 7, 1903. At about that date, and before plaintiff had received any portion of the inheritance, one of her daughters instituted proceedings in the county court of Johnson county for the appointment of a guardian for the plaintiff, alleging as ground therefor that the plaintiff was not of sufficient mental capacity to have the care and management of her property. While such proceedings were pending the plaintiff entered into a contract with her husband, children and certain of her grandchildren, who are the issue of two deceased daughters, whereby she surrendered all of her estate, save less than $3,000, to such children and grandchildren, and the amount reserved was placed practically beyond her control. After the contract was signed the proceedings for the appointment of a guardian were dismissed. In pursuance of the contract just mentioned about $8,000 of the plaintiff's inheritance was collected and distributed among her children and grandchildren. Afterwards the plaintiff commenced this suit against the other parties to the contract for a cancelation thereof, alleging that it was made by her without any consideration, and that her assent thereto had been procured by undue means employed by defendants to that end. The plaintiff's husband and two of her sons, defendants, answered, uniting with her in the prayer for the cancelation of the contract. The other defendants filed a plea in abatement, averring that the plaintiff was an incompetent person, without a guardian, and not of sufficient capacity to maintain the

action.  This plea, when filed, was not verified, and a
motion was made to strike it for that and other reasons.
After the motion was filed, and about four days before
the ruling thereon, but without leave of court, a verifica-
tion was added.  The court sustained the motion, but in
doing so gave the defendants leave to incorporate the
matters in abatement in their plea to the merits.  There-
upon the defendants resisting the suit joined in an answer,
renewing their plea in abatement, denying all matter
set forth in the petition not expressly admitted, and
averring that the contract was founded on a sufficient
consideration, performance on their part, a subsequent
ratification, and other matters not necessary to mention.
The reply is a general denial.  The court entered a de-
cree dismissing this bill, and the plaintiff appealed to
this court, where the judgment of dismissal was reversed
and the cause remanded for further proceedings.  *Sim-
mons v. Kelsey,* 72 Neb. 534.  In the meantime the plain-
tiff's husband, one of the defendants, died, and some of
the infant defendants had attained their majority, and,
leave of court having been obtained, the plaintiff, after
the cause was remanded, amended her petition by inter-
lineation, showing those facts, and refiled it on the 20th
day of April, 1905.  The other pleadings remained as they
stood at a former trial.  The court found generally in
favor of the plaintiff and entered a decree accordingly.
The defendants who resisted the suit bring the record here
for review.

The first complaint is of the ruling of the trial court
on the motion to strike the plea in abatement.  The motion
was good when made because the plea was not verified.
But, aside from that, defendants were permitted to in-
clude the same matter with their plea to the merits, and
to litigate such matters fully, consequently, no substan-
tial right of the defendants was prejudicially affected by
the ruling.

Complaint is also made of several rulings of the court
excluding evidence tending to show that James E. Sim-

mons, one of the defendants who answered, joining in plaintiff's prayer for a cancelation of the contract, is addicted to the use of intoxicating liquors and betting, and is reputed to be a man of profligate and immoral habits. We are wholly unable to see how his habits or reputation are material. upon any issue in this case. The court very properly refused to allow the issues between the plaintiff and the defendants resisting her suit to be obscured by such evidence, and, in our opinion, the complaint of the rejection of such evidence is not only without merit, but one that requires some hardihood to urge in a court of review.

The defendants called a physician to testify as an expert touching the mental capacity of the plaintiff, apparently, to sustain the matters pleaded in abatement of the suit. He testified, in effect, that he discovered no mental defects, but whether she would be competent to look after the ordinary business affairs of life would depend largely upon the extent of the business, and that he hardly thought her capable of managing a farm, buying and selling stock, and looking after the estate of $10,000 or $12,000, but that he considered her competent, with the advice and assistance of a competent attorney, to conduct this litigation. The defendants then propounded this interrogatory: "From the examination you made of the plaintiff, * * * in your judgment, would she or would she not be easily influenced by one she liked or one occupying a fiduciary relationship?" The question was repeated several times in substantially the same form, and in each instance an objection thereto was sustained by the court, and the defendants now complain of these rulings. We think this evidence was properly excluded. The defendants had called this witness to show that the plaintiff was mentally incompetent. His testimony shows that he had made an examination lasting about 15 minutes. Her disposition was not in issue, and, had it been, could not have been established by expert testimony.

It is urged that the suit should have been abated be-

cause the plaintiff lacked sufficient mental capacity to maintain it. The evidence shows that the plaintiff is a woman about 80 years of age. It is not at all surprising that, when her mental capacity is called in question, there should be abundant evidence showing that she lacked the intellectual strength and vigor that she once possessed. But that falls far short of proving that she is mentally incompetent to maintain this suit. As was said in *English v. Porter,* 109 Ill. 291: "Although the mind of a person may be to some extent impaired by age or disease, still, if he be capable of transacting his ordinary business —if he understands the nature of the business in which he is engaged, and the effect of what he is doing, and can exercise his will with reference thereto—his acts will be valid and binding." See *Emerick v. Emerick,* 83 Ia. 411, 13 L. R. A. 757, and notes. The evidence satisfies us that the plaintiff reasonably understood the nature and purpose of her suit, the effect of her acts with reference thereto, and had the will to decide for herself whether or not it should be brought and prosecuted. That, we think, is sufficient mental capacity to maintain the action. The effect of a contrary holding on the rights of the defendants at this stage of the litigation would be an interesting question, if necessary to a decision of the case.

Coming to the merits of the case, it is strenuously urged that the evidence is insufficient to sustain the decree of the district court. The defendants are children and grandchildren of the plaintiff who, as we have seen, is old and illiterate. As we have also seen, when the contract was made, proceedings which had been instituted by one of the defendants, a daughter of the plaintiff, to have a guardian appointed for her were pending in the county court. Whatever may have been the motive that induced such proceedings, the record leaves no room for doubt that they operated to disturb and harrass the plaintiff, and that she was exceedingly anxious to have them dismissed. We are satisfied from the evidence that while such proceedings were pending the conduct of at least a portion

of the defendants toward the plaintiff, coupled with the pendency of the proceedings, operated as duress *per minas,* whereby plaintiff's assent to the contract was obtained. No consideration moved to the plaintiff, save the dismissal of such proceedings. Obviously that was not a valid consideration, because, if the proceedings were well grounded and brought in good faith, public policy required that they be pushed to a conclusion. If groundless and not brought in good faith, public policy would again interpose and require their dismissal, and that, too, without any consideration. In either case, would the party instituting the proceedings be permitted to use them as a source of profit to herself. The fact that after instituting such proceedings she was one of the parties who undertook to bind the plaintiff by the contract in suit, involving a large estate, reflects somewhat on the good faith with which the charge of mental incapacity was preferred. The findings, then, to the effect that the contract was procured by undue means and without consideration is sufficiently sustained by the evidence, and justifies the decree, not only as to such of the defendants as made use of such means to procure the contract, but as to all who seek to profit by it. We note that the defendants resisting the suit urge that the contract has been partially performed on their part. Such performance aside from the dismissal of the proceedings for the appointment of a guardian, which we have already noticed, consists of the appropriation by the defendants of a large portion of the plaintiff's estate. It is hardly necessary to add that such acts of performance do not stand in the way of a cancelation of the contract.

It is recommended that the decree of the district court be affirmed.

Duffie and Jackson, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

Affirmed.