DOUGLAS COUNTY, APPELLEE, V. FRANK A. BROADWELL ET AL., APPELLANTS.

FILED SEPTEMBER 26, 1914. No. 17,781.

1. **Judgment: VACATION.** A judge of the district court has the right and power to set aside and vacate any judgments or orders made by him during the term at which the vacating order is made. Such vacating order may be made upon the court's own motion, if satisfied that. an error has been made.

2. **Fees: CLERK OF DISTRICT COURT: ACCOUNTING.** The defendant was the clerk of the district court of D. county. By virtue of his office as clerk of said court, he was a member and the clerk of the board of commissioners of insanity for said county. He refused to account for the fees and compensation received for his services on said board,. claiming that the fees were not the fees of the clerk of the district court. In a suit against him on his official bond, it is *held* that under the statute, and the decision in the case of *Boettcher v. Lancaster County*, 74 Neb. 148, it was his official duty to report and account for the receipt of such fees.

3. ————: ————: ————: **COMPROMISE.** Where, after a suit against such clerk for an accounting and payment of said fees, a compromise was had between him and the county board, by which a less amount was agreed upon and accepted than was due according to law, it is *held* that there was no question to be compromised, but it was the plain duty of such clerk to report and account for the fees received,. and therefore such compromise was void.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

(682)

*Smyth, Smith & Schall, Stout, Rose & Wells* and *J. H. Van Dusen*, for appellants.

*George A. Magney* and *Charles Haffke, contra.*

*John P. Breen, amicus curiæ.*

REESE, C. J.

On the 5th day of March, 1907, a petition was filed in the district court for Douglas county in an action wherein that county sought to recover from Frank A. Broadwell, a former clerk of the district court for Douglas county, and the American Bonding & Trust Company, his surety, on his official bonds, the purpose of which was to recover from Broadwell the amount of certain fees, some of which he had collected, and some of which he had not collected, while clerk of the district court. There were three classes of claims contained in the petition, to wit: (1) Fees earned by such clerk, but not collected; (2) fees earned and collected for issuing naturalization papers under the federal laws; (3) fees received by him as a member and clerk of the board of insanity. To this petition certain motions were filed for more specific statements of the causes of action, but which seem not to have been ruled upon. On the 20th of December, 1909, the following stipulation was filed in the case: "It is hereby agreed by and between the parties hereto that, as a settlement and compromise of all matters in dispute herein and of all matters referred to in the plaintiff's petition, judgment shall be taken in favor of the plaintiff and against the defendants in the sum of $1,250 and costs of this action." This stipulation was signed by the county attorney for plaintiff and the attorneys for defendants. On the 21st day of December of the same year, judgment was rendered on the stipulation in favor of plaintiff county, and against defendants, for the said sum of $1,250 and costs of suit, and which defendant Broadwell paid. On the 3d day of February, 1910, and during the same term of court, William G. Ure asked leave to intervene in the case. Leave was not granted, but

the court entered an order vacating its former judgment, as follows:

"It appearing to the court that the subject matter of this litigation involves the compensation of the defendant Broadwell, as clerk of this court, and that such compensation was fixed by the statute, and that the board of county commissioners was and is without power to increase or diminish the same, and was and is without power to compromise this controversy, it not being contended that the defendants or either of them are insolvent: Now, therefore, on its own motion, it is by the court ordered and adjudged that the judgment heretofore entered herein, to wit, on December 20, 1909, be, the same is, hereby vacated and set aside, and this cause is hereby retained for trial. To which order of the court plaintiff and defendants severally except. It is further ordered that the moneys paid and assignment delivered by the defendant Broadwell in pursuance of the agreement and stipulation of compromise be returned to said Broadwell or held subject to his orders, to which order of the court plaintiff and defendants severally except."

On the 19th day of May, 1910, plaintiff filed its amended petition consisting of six counts, or causes of action, a count for each year of defendant's service as clerk of the district court for which he collected and received fees for services as member and clerk of the board of insanity of said county. The claims for fees collected for services rendered in the other capacities, as charged in the original petition, appear to have been abandoned.

Defendants answered, admitting that for the time named in the several causes of action defendant Broadwell was the clerk of the district court for Douglas county, that he was a member and clerk of the commission or board of insanity, that, as such member and clerk of such board, he collected fees for such services, and that they are still retained by him; alleging that the claims for all such fees received by him were duly verified, audited, allowed and paid by the county board, that no appeal was ever taken from such allowance, and therefore the right of plaintiff

to question the right of defendant Broadwell to said money was fully and finally adjudged, adjudicated and determined, that claims for other services rendered on said board, the fees for which amount to more than $3,000, have also been presented to the county board for allowance and payment, but said board has neither allowed nor disallowed said claims, and they are still pending. The fact of the compromise of the matters and things alleged in the petition, the stipulation and judgment, hereinbefore referred to, together with the correspondence and opinion of the county attorney to the county board, as well as the payment of the judgment and costs, are pleaded in apt language, and the averments of which need not .be set out in this part of this opinion. It is .further alleged that at the time of the said compromise there was a *bona fide* dispute and contention, between plaintiff on the one hand and these defendants on the other, as to the right of the county to collect from the defendant Broadwell any of the moneys referred to in the petition, and a *bona fide* controversy as to the right of defendant Broadwell to receive from the county the moneys due upon the claims filed and pending before the county board for the services rendered by him as aforesaid; that for the purpose of compromising, settling and adjusting all of said controversies, disputes and differences, and for the purpose of avoiding expensive litigation, the compromise was entered into and the moneys paid, as herein above stated, the same being a final and complete adjustment of all of said differences, and therefore plaintiff is not entitled to recover anything in this action. Prayer for dismissal of the action and for judgment for costs. Neither the transcript nor abstract shows any reply to the answer.

The cause was tried to the court, who found the facts and conclusions of law in favor of plaintiff, and rendered judgment against defendants for the sum of $9,528.86. Motions were filed by defendants to set aside the findings of fact and conclusions of law, and for a new trial, all of which were overruled. Defendants appeal. .

The cause was tried upon an agreed statement of facts, which is of too great length to be set out in full, but will be fairly stated in condensed form. It is stipulated that defendant Broadwell was the clerk of the district court for Douglas county for the time alleged, with the defendant American Bonding & Trust Company as his surety; that during the time of defendant's incumbency in said office the bonds of said company were of binding force and effect; that during the time defendant held said office he was one of the commissioners of insanity, was the clerk of said board, performed the duties thereof, and earned the fees and compensation for said services provided by law, payment on account thereof being made during the years 1900 to 1905, inclusive, as follows: 1900, $915.65; 1901, $796.10; 1902, $1,166.60; 1903, $1,109.80; 1904, $1,173.90; 1905, $797.75; that at various times during said years defendant filed with the board of county commissioners claims covering the fees and compensation for said services, when said claims were allowed, warrants therefor issued and paid; that no appeal was ever taken by the county or any person from the allowance of said claims; that, covering the fees and compensation for said services for the years 1906 and 1907, defendant filed his claims with said board, but they have never been allowed, nor disallowed; that defendant has at all times since he first entered upon the duties of his office refused to enter upon his fee book and report to the said county commissioners the fees earned by him as a member and clerk of said board of insanity, but has at all times claimed that said fees and compensation were not fees of the office of the clerk of the district court for which he was required to account and report to the county board; that the suit was brought for the purpose of recovering from defendant and his surety the sums above stated, with interest thereon, received by him on account of said so-called insanity fees; that while the suit was pending, and about the month of September, 1909, negotiations for a settlement of the controversies and disputes between said county commissioners and defendant, regarding said insanity fees and other matters, were in-

augurated, and in the course thereof the defendant submitted to said board a proposition of settlement, the same being referred to in the stipulation as exhibit A, attached; that at that time there was a *bona fide* dispute and contention between the county of Douglas and the defendant as to the right of the county to collect from defendant any of the money referred to in the petition, and a *bona fide* controversy as to the right of defendant to receive from the county any money on account of the several claims he had then on file against the county for services rendered by him as a member and clerk of the board of insanity during the years 1906 and 1907; that after the receipt of the letter (exhibit A) P. J. Trainor, chairman of the committee of the whole of the board of county commissioners, by direction of said board, sent to George A. Magney, deputy county attorney, on September 25, 1909, a letter, as set forth in exhibit A1; that on October 2, 1909, said deputy county attorney answered the communication and sent to the board the letter, as shown by exhibit A2; that on the 10th of December, 1909, the board of county commissioners adopted a resolution, as set forth in exhibit B; that thereafter defendant accepted said proposition and delivered to the county authorities an assignment for the uncollected fees earned by him, referred to in said resolutions, and executed and delivered to said authorities a release of all claims held by him against Douglas county on account of fees earned by him as a member and clerk of the board of insanity, which had not been paid, and, in pursuance of said compromise, a judgment was by the court entered in this cause against defendants in the sum of $1,250 and costs, which said judgment and costs were thereafter paid by defendants to the clerk of said district court, and said money is at this time being retained by said clerk; that shortly thereafter the matter of said compromise and settlement was brought to the attention of the court in this action by a petition filed by one William G. Ure for leave to intervene herein, for the purpose of attacking and contesting the validity of said compromise and settlement, and, while said court refused to permit said

Ure to intervene, the court, on its own motion, decided
that the board of county commissioners were without
power to make said compromise and settlement, and that
the same was ineffective, and said court, on its own mo-
tion, on the 3d day of February, 1910, and during the same
term, to wit, October, 1909, term, of said court, entered
an order vacating the judgment which had been entered
in this cause on December 20, 1909, in pursuance of said
settlement, and ordered that this cause be retained for
trial, and that the moneys paid and assigned and deliv-
ered by defendant, in pursuance of said agreement of com-
promise, be returned to said defendant or held subject to
his order. A copy of the order is attached to the stipula-
tion, marked exhibit C. The amount of recovery, should
the court find in favor of plaintiff, is stipulated, and which
is in accordance with the allegations of the petition above
stated. It is stipulated that during defendant's incum-
bency he collected a large amount of fees; that he deducted
therefrom the necessary and proper expenses of the office,
including the sum allowed by law for his services as mem-
ber of the board of insanity, and has accounted for and
paid over all the surplus except said insanity fees (if they
are to be determined fees of said office) for which he is
required to account; that he has never reported, accounted
for, nor paid to the county the fees received by him in
insanity cases, but has always claimed that the same were
not the fees of the clerk's office for which he was required to
account, while the county claims that the amount of said
fees so collected and received by him constitutes surplus
fees of said office, after the deduction of expenses, sala-
ries, etc., as aforesaid, and which the law requires him to
pay over to said county. It is provided that "in making
this agreement the parties are not to be considered as waiv-
ing the right to object to any of the above facts on the
ground of immateriality." (Signed by the attorneys for
plaintiff and defendants.)

The exhibits referred to in the foregoing stipulation
were attached thereto, and, with the exception of exhibit

C, being the order of the district court vacating its first judgment, heretofore copied herein, are as follows:

"Exhibit A.

"Omaha, Neb., Sept. 24, 1909.

"To the Honorable, the Board of County Commissioners, of Douglas County, Nebraska. Gentlemen: The litigation that is now pending between Douglas county and myself as clerk of the district court has been expensive both for Douglas county and myself. The suit was originally instituted to recover a large amount of uncollected fees in civil cases, to recover from me money the county paid to me while serving as a member of the board of insanity, and money paid to me in connection with the naturalization of foreigners under a recent act of congress. The decision of the supreme court of this state in the case against Judge Vinsonhaler would seem to dispose of the controversy over the uncollected fees. Mr. Howell, special attorney for the county, in his recent statement before the members of your board, conceded that there was no legal claim growing out of fees paid on account of services rendered in issuing naturalization papers. Such being the case, the controversy is now narrowed down to the claim based on statutory compensation paid me for services rendered as a member of the board of insanity.

"I think I am perfectly justified in the statement that until after the moneys were paid to me, which it is now sought to recover, no one questioned the right of the clerk of the district court to receive and retain the compensation paid to him as a member of the board of insanity. Everybody believed the clerk had the right, under the law, to receive and retain that compensation. I have been advised by my counsel that under the law I have the right to collect for such services, and that I am not called upon to account for it in my settlement with the county. The county board audited and allowed the claims I filed for these services and paid me about $5,000. The records in the auditor's office will show that I have on file, and which

I have not been paid, claims aggregating more than $3,000 for services rendered as a member of the board of insanity.

"If the county should prevail in this suit against me and my bondsmen, and the supreme court should determine that I must turn the compensation over to the county, then I would be liable for something over $5,000 and interest, and judgment would go against me for that amount. On the other hand, if the supreme court should decide this controversy in my favor, then Douglas county would be required to pay me something over $3,000 and interest, that being the amount of the unpaid bills on file. I would be very glad if this litigation could be terminated and the matter amicably adjusted. None of us can tell just what will be the result of this litigation until after the supreme court has finally passed upon it. In order to effect a compromise, I beg to submit to you the following proposition: I will pay to Douglas county in cash $1,000 in full and complete settlement of all claims I have against the county, release all claims on account of money earned while a member of the board of insanity that have not been paid to me, and the county is to receive (receipt?) in full for all claims it has against me. I submit this proposition to your respectful consideration and ask that you advise me of your conclusion.

"Yours very respectfully,
"(Signed) Frank A. Broadwell."

"Exhibit A1.

"Omaha, Neb., Sept. 25, 1909.
"George A. Magney, Deputy County Attorney, City. Dear Sir: Enclosed please find a communication from Frank A. Broadwell, former clerk of the district court, Douglas county, addressed to the board of county commissioners, stating that he would like to compromise the differences in accounts between him and the county. The communication came up for consideration before the committee of the whole, and they instructed me to have you

prepare an opinion, whether or not the board of county commissioners could compromise with Mr. Broadwell upon any terms, and also an opinion as to the chances of Douglas county winning the suit for the collection of the insanity fees. Any figure or statement that you need in this matter can be obtained from Mr. Solomon, county comptroller.

"Yours respectfully,

"(Signed) P. J. Trainor, Chairman Committee of the Whole."

"Exhibit A2.

"Omaha, Neb., Oct. 2, 1909.

"Hon. P. J. Trainor, Chairman Committee of the Whole, Omaha, Neb. Dear Sir: I have your inquiry of September 25, relative to the suit of Douglas county against Frank A. Broadwell, former clerk of the district court. You ask if the board of county commissioners have the authority under the law to compromise this suit with Mr. Broadwell upon any terms, and you also desire an opinion as to the chances of Douglas county in securing a judgment against Mr. Broadwell in this suit for insanity fees collected and retained by him. In reply will say in my judgment there can be no question about the legal right of the board to compromise a suit of this character, if it is determined that a compromise is in the interest of the county.

"The other question is more difficult. Our supreme court has held that the clerk must report and account for all fees collected by him. So far as I am able to learn, the court has at no time definitely decided the question of the fees earned by the clerk, as a member of the board of insane commissioners. The statute makes the clerk of the district court, the clerk of the board of insane commissioners and fixes the fees he may receive as such clerk, but the statute does not require the clerk of the insane commission to account for his fees, as such, to the county. In my opinion there is a chance that the court would hold that Mr. Broadwell should account to the county for all

fees collected by him as a member of the insane commission, and yet there is room for serious doubt as to what the result of the suit now pending may be. Because of the uncertainty involved in this question, I think the board of county commissioners would be justified in using their discretion as to whether this suit should be compromised or not. The county may win, and it may lose, and I think no one can at this time state with any degree of certainty what the final outcome of the suit may be.

"Very truly yours,

"(Signed) Geo. A. Magney, Deputy County Attorney."

"Exhibit B.

"Whereas, an action is now pending in the district court for Douglas county, Nebraska, wherein the county of Douglas is plaintiff and Frank A. Broadwell et al. are defendants, in which the county of Douglas seeks to recover from the said Frank A. Broadwell, as former clerk of the district court, certain sums on account of uncollected fees earned in his office as clerk of the district court and also moneys paid to him as a member and clerk of the board of insanity:

"And, whereas, the said Frank A. Broadwell has pending before this board claims for fees earned by him as a member of said board of insanity and which claims have not been allowed by this board:

"And, whereas, a proposition has been made by the said Frank A. Broadwell to assign to Douglas county all claims for uncollected fees earned by him as clerk of the district court, to waive any claim for fees earned by him as a member and clerk of the board of insanity, and to release the county from any such claims, and to pay to the county the sum of $1,250 in full payment and satisfaction of all claims of Douglas county against him or his bondsmen:

"Now, therefore, for the purpose of fully settling and compromising all claims held by the county of Douglas against the said Frank A. Broadwell, as clerk of the district court, and settling all claims of the said Frank A.

Broadwell against Douglas county, be it resolved that the county attorney is hereby directed as follows:

"(1) To take from the said Frank A. Broadwell an assignment for all uncollected fees earned by him as clerk of the district court.

"(2)  To take a release from said Frank A. Broadwell of all claims held by him against Douglas county on account of fees earned by him as a member and clerk of the board of insanity, and which have not been paid to him.

"(3)  To accept judgment in the district court for Douglas county in the sum of $1,250 and costs in the action pending in said county, which said judgment shall be in full of all claims of said Douglas county against the said Frank A. Broadwell; and upon the execution of said assignments, releases, and the payment of said judgment, all claims against the said Frank A. Broadwell, as clerk of the district court, shall be and hereby are fully satisfied, compromised and discharged.

"(Signed) P. J. Trainor,
"(Signed) L. W. Bruning,
"(Signed) John Grant,
"(Signed) C. J. Pickard,
"(Signed) Jeff W. Bedford."

The cause was tried to the court without the intervention of a jury. An order was made by the court holding that the petition for intervention be denied, and finding that the subject matter of this litigation involves the compensation of the defendant as clerk of the district court; that such compensation is fixed by the statute; and that the board of county commissioners was and is without power to compromise this controversy, it not being contended that the defendants or either of them are insolvent. By request the court made special findings of fact and conclusions of law. The findings of facts are in accord with the stipulation of facts, and need not be set out here at length, but, among which, it is found, in the matter of the compromise, that at that time there was a *bona fide* dispute and contention between the county of

Douglas and defendant as to the right of the county to collect what are called "insanity" fees from defendant, and as to his right to receive from the county any money on account of the claims for such fees then pending before the county board, and that it was for the purpose of settling the dispute that the compromise was entered into; that after the compromise was concluded, and after the judgment thereon enforcing the same, defendant complied with all its terms, including the payment into court of the $1,250 agreed upon and the costs of the suit, the money being still retained by the clerk; that defendant had never accounted to plaintiff for said fees, but has at all times claimed that they were not the fees of the clerk's office for which he was required to account and report to the county. The conclusions of law are to the effect that the fees in dispute were moneys that came into defendant's hands by virtue of his office as clerk of the district court; that he should account for the same; that his failure to do so constituted a breach of conditions of his bond; that the allowance of the claims presented was formal and ministerial only, and constitutes no defense to this action; that the attempted settlement and compromise made by the board was beyond the power of said board, and was ineffective and void; that plaintiff is entitled to recover of defendant the several sums received by him, with interest thereon from the time of payment, amounting in all to the sum of $9,528.86, for which judgment was rendered.

Two principal questions are presented for decision: First, Is defendant liable upon his bond for the fees and compensation collected and received by him from the county? Second, If so, has the compromise any legal or binding force?

It is also insisted as a third contention that the court exceeded its legitimate authority in setting aside and vacating its former judgment, but we are unable to detect any serious legal question here. It must be conceded, for it is well-settled law, not only of this state, but of all others, that during the term at which a judgment or order is made the court has the power and authority to recon-

sider any question, order or judgment decided, ordered or adjudged during that time. In other words, the judge has full control of his docket during the term, and has full authority to amend, correct or vacate any orders made or judgments rendered. In this he is not bound to await the motion of counsel, but may on his own motion take any action he might have taken when the case was submitted to him or at any time thereafter. The court had full power to vacate the former judgment and direct that the case be heard·upon its merits.

It is said, both by the court and counsel, that there was a good-faith dispute and contention between the county and defendant as to defendant's liability for the fees and compensation received by him. It is the well-settled rule of law that, ordinarily, in case of a dispute between persons, whether natural or artificial, a compromise and adjustment of the differences will, in the absence of fraud, collusion or mistake, be binding upon the parties. That the law favors settlements is a common and well-understood maxim; but it is contended by plaintiff that in this case there was nothing to compromise; that the law fixed the *status* of the parties, and, if it was the official duty of defendant to report and account for the fees, there could be no question to compromise.

In view of the statute and our past decisions, we cannot adopt the contention of defendants, and are of opinion that the law was and is well settled that it was the duty of defendant to account for the fees in controversy, and that there was not, and could not be, any legal or reasonable ground for dispute or controversy over the subject.

It is clear, and conceded by defendant, that, if the fees in dispute were to be considered the fees of the office of the clerk of the district court, there could not well be any question as to the duty of defendant to report them. The question then arises as to defendant's official relation to the county, for the law is clear that all fees of the clerk's office should be reported.

Section 17, ch. 40, Comp. St. 1911, provides: "In each organized county of the state there shall be a board of com-

missioners, consisting of three (3) persons, to be styled commissioners of insanity, two (2) of whom shall constitute a quorum; the clerk of the district court shall be *ex officio* (by virtue of his office) a member of such board, and clerk of the same; the other members shall be appointed by the judge of said court; one of them shall be a respectable practicing physician, and the other a respectable practicing lawyer," etc.

Section 18, ch. 40, Comp. St. 1911, provides that before entering upon the duties of their office the persons so appointed shall take and subscribe to the usual oath of office. By this it is made plainly to appear that but two members of said commission are to be appointed by the judge creating the board, or commission. The clerk of the district court, by virtue of his office as clerk, is to be the other member. The two appointees are required to take the official oath. The clerk is not, because he is already under oath and bond. So far as his place upon the commission is concerned, he is entirely beyond the reach of the judge making the appointments. If he is clerk of the district court, he is thereby a member of the commission—so declared by law. While he is clerk of the commission, he is such by virtue of being clerk of the district court, and the duties are imposed upon him as such clerk of the district court. It would seem to follow that his compensation is not increased thereby.

It may be further noticed that as early as June 8, 1905, in *Boettcher v. Lancaster County*, 74 Neb. 148, the identical question here presented was decided by this court, and it was there held that "a clerk of the district court is required to account for the fees earned by him as a member of the board of commissioners of insanity." As that decision was made long before any suit was brought in this case or before any effort at a compromise was inaugurated, it would seem that all doubt as to defendant's liability was effectually put at rest, and there was nothing which was the subject of compromise, it being defendant's clear legal duty to report the fees and account for them.

It cannot be said that in making the alleged compromise the county board acted judicially. Nor had the board any power to increase the compensation of defendant, as was thereby done. The duty of reporting and accounting for the fees collected was imposed by statute, and which could not be changed by any order the board might make, or by any agreement into which the board might enter. *Mitchell v. Clay County,* 69 Neb. 796; *Otoe County v. Dorman,* 71 Neb. 408. In *Logan County v. Doan,* 34 Neb. 104, in discussing a claim made by a sheriff, in which it is held that the sheriff must discharge the duties of his office for the compensation provided by law, we said: "Nor has the county board the power to allow a public officer a compensation in excess of that allowed by statute." See, also, *State v. Roderick,* 25 Neb. 629; *Kemerer v. State,* 7 Neb. 130. If the board has not the power to allow compensation in excess of that allowed by statute, such an act must of necessity be void, and the board cannot do by indirection, by way of compromise, or otherwise, that which it has not the power to do directly. If the agreement of compromise was void for want of power to make it, it never had any binding force, and might be attacked collaterally. If the order was void, it was no order. *Fremont County v. Brandon,* 6 Idaho, 482; *Village of Fort Edward v. Fish,* 156 N. Y. 363.

We are not unmindful of the many cases cited by counsel, but the citations cannot be referred to and discussed in this opinion. We are satisfied with a review of the statute of this state and the decisions of this court.

It follows that the judgment of the district court must be and is

AFFIRMED.

HAMER, J., dissents.

ROSE and FAWCETT, JJ., not sitting.