CITIZENS STATE BANK OF CEDAR RAPIDS, APPELLEE, v. R. A. YOUNG, APPELLEE: ALICE R. Y. HARRIS, APPELLANT.

FILED SEPTEMBER 23, 1932. No. 28256.

*Howard Kennedy* and *R. D. Flory*, for appellant.

*Williams & Williams, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY and PAINE, JJ., and HORTH, District Judge.

HORTH, District Judge.

The only question presented by this appeal is: Did the district court err in refusing to set aside the judgment previously entered by it in this cause against the defendant Alice R. Y. Harris, upon the application of Howard Kennedy, her guardian?

The facts are that plaintiff filed its petition in the district court for Boone county on January 23, 1931, seeking to recover judgment against the defendants upon a promissory note for $2,000, dated May 6, 1929. Messrs. Frost, Hammes and Nimtz, attorneys of Omaha, filed an answer in the action in the form of a general denial, on behalf of the defendant Alice R. Y. Harris, also a resident of Omaha. On May 13, 1931, that being one of the days of the May, 1931, term of said court, the cause came on for trial, in pursuance to a previous order of the court, of which Messrs. Frost, Hammes and Nimtz had been notified. The defendant Alice R. Y. Harris did not appear at the trial, nor did any one appear in her behalf. Judgment was entered against both defendants for the amount of the note with accrued interest and costs. Thereafter, on August 28, 1931, that still being one of the

days of the May, 1931, term of said court, Howard Kennedy, as guardian of the defendant Alice R. Y. Harris, an incompetent, filed his verified application to set aside and vacate the judgment entered against her, alleging, among other things, that on the 24th day of August, 1931, he was duly appointed as guardian of the said Alice R. Y. Harris by the county court of Douglas county, Nebraska; that said defendant had a good and valid defense to said action, in that at the time of the execution of the note sued on she was, and ever since has been, mentally incompetent to transact business. In response to this application the plaintiff filed what it designates a "special appearance," the material part thereof being an allegation that the time in which said judgment could be vacated had expired. On October 7, 1931, that still being one of the days of the May, 1931, term of said court, the cause came on for hearing upon the application of the guardian to set aside and vacate the judgment as against Mrs. Harris, and in support thereof the guardian introduced in evidence the affidavits of Dr. George E. Neuhaus, psychiatrist, of Omaha, who attended and observed Mrs. Harris for several weeks in 1927 and again on July 26, 1931, the affidavit of Dr. George L. Dewey, of Cedar Rapids, Nebraska, who attended and observed Mrs. Harris from 1925 to May, 1928, and the affidavit of Dr. Frank Luikhart, of Omaha, who attended and observed Mrs. Harris for the last seven years, and each expressed the opinion that Mrs. Harris had been mentally incompetent to transact business for several years last past and that her ailment was chronic and progressive. These affidavits are convincing and satisfactorily establish that, at the time judgment was entered, Mrs. Harris was mentally incompetent to transact business. For the purpose of controverting these affidavits the plaintiff introduced in evidence the affidavits of H. W. Jackson and C. B. Gibb. They recite a conversation had with the defendant Rolland A. Young, a son of Mrs. Harris, in the year 1929, in which the son stated that in his opinion Mrs.

Harris was competent mentally and knew what she was doing when she signed the note sued on. These affidavits are of no assistance in determining the mental capacity of Mrs. Harris to transact business on May 13, 1931, the day the judgment was rendered against her. What may have been her mental state on May 6, 1929, the date she signed the note, is not before us for determination. That is the question which the guardian is seeking an opportunity to litigate in asking that the judgment against his ward be vacated.

"A judge of the district court has the right and power to set aside and vacate any judgments or orders made by him during the term at which the vacating order is made. Such vacating order may be made upon the court's own motion, if satisfied that an error has been committed." *Douglas County v. Broadwell,* 96 Neb. 682.

From the showing made by the guardian, we reach the conclusion that, on May 13, 1931, the date the judgment was rendered against her, the defendant Alice R. Y. Harris was mentally incompetent to transact business, that the rights of said defendant, upon the trial of said cause, were not protected, and that the trial court erred in refusing to set aside and vacate the judgment as against her, upon application of her guardian.

In *Simmons v. Kelsey,* 72 Neb. 534, it is said: "Section 45 of the Code expressly enacts that an action shall not abate by reason of the disability of a party happening during its pendency. If before the termination of the litigation she shall become incapacitated, a duty will devolve upon the court, as the general conservator of the estates of all persons under disabilities, to see to it that her rights and estate are protected and preserved, either by a general guardian * * * or guardian *ad litem* appointed by the court for the purposes of the action."

For the reasons stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.